## CLAYTON v. MITCHELL.

1. Where all the issues of law and fact in a law case are referred by consent to the master to hear and determine, his report may be reversed, affirmed, or modified by the Circuit Judge, on exceptions duly taken; but it is error to receive affidavits at the hearing in the Circuit Court, and base a judgment upon the facts thus presented.
2. In such case, the Circuit Judge may recommit the report for further testimony, but where he finds the conclusions of law and fact by the master to be well sustained, he should not recommit for the purpose of enabling defendant to amend his answer by alleging affirmative defences and to introduce testimony in support of them—especially where

defendant was afforded every opportunity to propose such amendments on the former hearing by the master, and did not choose so to do.

3. Petition for rehearing refused.

Before NORTON, J., Barnwell, November, 1888.

This was an action by Sylvania Clayton against John Mitchell, commenced September 20, 1886. The opinion states the case.

*Mr. James E. Davis*, for appellant.

*Messrs. Skinner & Williams*, contra.

July 2, 1889. The opinion of the court was delivered by

MR. JUSTICE MCIVER. This was an action to recover possession of real estate, the allegations of the complaint being in, the usual form, to which the only defence interposed was a general denial. When the case was called for trial, an order of reference was made (by consent, as we assume, inasmuch as such an order in such a case could not otherwise have been made), whereby all the issues were referred to the master for trial. In pursuance of this order the master made his report, finding as matter of fact that one Joseph J. Clayton went into possession of the land in dispute in the year 1842, and after holding it as his own for more than twenty years, by his deed bearing date 30th March, 1875, conveyed the same to a trustee for the sole and separate use of his wife, who is the plaintiff herein, for and during the term of her natural life, with remainder to her children, &c. ; that the defendant is in the possession of the land and withholds the same from the plaintiff, and that the rental value of the land is one hundred dollars per year; and he found as matter of law, that the plaintiff is entitled to recover the possession of the land from the defendant, together with six hundred dollars damages.

To this report the defendant filed exceptions, combined with a notice of a motion to set aside the report and recommit the case to the master, with leave to amend his answer by "pleading of former judgment and title, if necessary, and for any other appropriate relief, on the ground set forth in the foregoing affidavit" of one of his attorneys which is set out in the record. His excep-

tions, as incorporated in this notice of motion, appear to be: 1st. That the evidence as reported by the master shows title out of the plaintiff, and in the defendant.    2nd. That "the several findings of fact and law by the master are opposed to the evidence, inaccurate, or superfluous, and he should have reported in favor of the defendant in all respects."

It seems that at the opening of the reference the plaintiff moved to continue the case, upon the ground of the absence of a material witness who had been duly subpœnaed, whereupon defendant's attorney offered to accept the affidavit of what such witness would testify to if present.    Accordingly the plaintiff's motion for a continuance was refused. and the affidavit of plaintiff's attorney as to what he expected to prove by the absent witness was received as the testimony of such witness.    At the close of plaintiff's testimony the defendant offered to introduce evidence tending to show that he had been in adverse possession of the land for more than ten years prior to the commencement of the action, which, upon objection, was ruled inadmissible under the simple defence of the general denial.

Defendant then offered evidence tending to show that the matter in dispute was *res adjudicata,* and the master, though holding that such a defence could not be interposed under the general denial, but should have been specially pleaded, nevertheless permitted defendant to introduce the evidence, which the master in his report states as follows: "On the 30th of March, 1875, an action was commenced in this court, entitled John W. D. Clayton, trustee of Sylvania A. Clayton, *v.* John Mitchell, for the recovery of this same tract of land.    This action resulted in a non-suit.    Several years afterwards, perhaps in 1879, the same action was recommenced, bearing the same title, the issues were referred to the late I. M. Hutson, Esq., and upon the coming in of his report, a decree was rendered in favor of the defendant against the said trustee."    It appears, however, from the testimony taken by the master, which is set out in the "Case," that there was also certain parol evidence adduced in support of the plea of *res adjudicata,* as well as the records of the two actions referred to in the report.

The master concluded as matter of law that the deed of trust

under which plaintiff claimed, having been executed since the adoption of the Constitution of 1868, vested the absolute title in the plaintiff free from any trust, on the ground, as we presume, that the statute of uses executed the use and carried the legal title to her; and hence she not being either party or privy to the actions brought by the trustee, she was not bound thereby. In the affidavit of one of the attorneys for the defendant, heretofore mentioned as accompanying his notice of motion and exceptions, various errors and imperfections in the statements contained in the master's report are alleged, and then the affidavit concludes in these words: "Diligent search and inquiry were from time to time made by defendant's counsel to find the report of Mr. Hutson and the judgment thereon mentioned on the 2nd and 3d pages of the master's report, but the same were not found until a short time before the reference, and in a place where they were not before suspected to be, and deponent had no suitable opportunity of pleading them. Deponent further states that in his best judgment it was not necessary to plead the estoppels of the former judgments against the plaintiff, or title in the defendant, in order to obtain their benefit;" but it is observable that the affidavit does not state, nor does it anywhere appear in the record, that any motion to amend the answer was ever submitted to the master. On the contrary, the conclusion seems to be irresistible that the defendant stood upon his legal opinion that no amendment was necessary, and that he declined, or at least omitted, to make any effort to amend until after his case had been heard and determined against him by the master.

The motion, together with the exceptions embraced therein, was heard by his honor, Judge Norton, who rendered his decree, in which he says he accepted the report of the master as a correct statement of what occurred at the trial before him, and sustained his findings of fact and conclusions of law, though not expressing any opinion as to whether the defence of *res adjudicata* should have been specially pleaded, but placing his concurrence in the result reached by the master as to that defence, upon the ground that it was not sustained by competent evidence; "but," he adds, "it appears from the affidavit submitted in behalf of defendant and the record in one of the cases which were excluded

from the evidence, that defendant has the defence of *res adjudicata* and of the statute of limitations, which he may probably prove, and of which he has been deprived partly by circumstances beyond his control and partly by his failure to plead as he ought to have done," he thinks it fair "to this defendant that, at this stage of the case, it should be recommitted to the master, that he may have an opportunity to fully defend himself." He therefore rendered judgment "that the defendant have leave to amend his answer by pleading the statute of limitations and *res adjudicata,* if he shall be so advised" within a certain prescribed time and upon certain specified terms, and that upon his failure to comply with such terms within the time prescribed, that the report of the master be confirmed, and that plaintiff have judgment against defendant for the land described in the complaint, together with six hundred dollars damages and the costs of the action.

From this judgment plaintiff appeals upon the several grounds set out in the record, which need not be repeated here, as we propose to consider what we regard the material points raised by these grounds, without following in detail the several grounds of appeal.

It will be observed that this was an action at law, pure and simple, involving no equitable features; and in such case the findings of a master or referee operates as the verdict of a jury, except that they may be reversed, affirmed, or modified by the Circuit Court upon exceptions to the report, whereas in case of a verdict of a jury the power of the court is limited to the granting of a new trial. *Meetze* v. *Railroad Company*, 23 S. C., 1. Hence when a case is heard by the Circuit Court upon the report of a referee or the master, and his findings of fact and law are neither reversed nor modified, the same should be affirmed and judgment ordered accordingly, subject, of course, to appeal to this court. It seems to us, therefore, that when in this case the Circuit Judge found that "the master was correct in his findings of fact and conclusions of law," nothing remained but to confirm the report and order judgment accordingly. He had no authority to hear additional testimony in the form of an affidavit or otherwise, which was not before the master, and base his judgment upon that. *Griffin* v. *Griffin*, 20 S. C., 486. His juris-

diction was in the nature of an appellate tribunal, and should have been confined to a review of the case as presented to the tribunal whose action the exceptions called upon him to review.

This, of course, does not preclude the right of the Circuit Judge, in hearing the report of a referee or master on exceptions, to recommit the report for further testimony as to some or all of the issues involved, where the evidence as presented is insufficient to enable him to form a satisfactory conclusion, as in *Westfield* v. *Westfield*, 13 S. C., 482, or *Lowndes* v. *Miller*, 25 *Id.*, 119. But where, as in this case, the Circuit Judge has found that the conclusions, both of fact and law, reached by the master are correct, and overrules all the exceptions to the report, we do not think he has any authority to recommit the report for the purpose of enabling the losing party to introduce testimony to sustain new issues to be raised by an amendment of the pleadings ; especially where, as in this case, the proposed amendments change substantially the defence originally interposed. A party, after he has lost his case, cannot be permitted by amendment to change substantially his claim or defence, and thus raise new issues with his successful adversary. *Whaley* v. *Stevens*, 21 S. C., 221 ; *Kennerty* v. *Etiwan Phosphate Company*, *Ibid.*, 226. Such a practice, besides being in direct conflict with the provisions of the Code, section 194, would encourage carelessness in pleading and lead to the trial of cases by piecemeal, thus involving needless delay and expense. The provisions of the Code in respect to amendments are certainly liberal enough to save parties from the effects of a mistake, which even the most careful persons may sometimes fall into, but such amendments must be applied for at the proper time, and a party cannot be permitted, after planting himself upon a certain ground of action or defence, and finding it unsuccessful, to shift his ground and renew the controversy upon other grounds which he might have taken in the first instance. This would lead to interminable litigation, whereas the time-honored maxim is : *Interest reipublicae ut sit finis litium.*

Now, in this case it is quite apparent that the defendant had abundant opportunity to apply for leave to amend his answer in the manner allowed by the Circuit Judge at the proper time, and that there was nothing to prevent his doing so except his counsel's

deliberate judgment that such amendment was not necessary, as is frankly stated by him in his affidavit. The failure to find Mr. Hutson's report could not have had any influence, for it was found "a short time before the reference," and yet when the reference was opened, no motion for leave to amend was made. On the contrary, defendant pressed for a hearing on the pleadings as they originally stood, and succeeded in defeating plaintiff's motion to continue. So that if defendant really desired to amend, and had found the report of Mr. Hutson such a short time before the day appointed for the reference as to prevent his giving due notice of the motion to amend, all he had to do was to acquiesce in plaintiff's motion to continue and thus obtain the requisite time to give the notice of a motion to amend; but instead of this, without intimating any desire to amend, he opposed the motion to continue and succeeded in forcing the trial at that time. So, too, when the master made his ruling that the defendant could not, under the state of the pleadings, offer evidence in support of the defence of the statute of limitations or of *res adjudicata*, he did not then make any effort to amend, but manifestly relied upon his opinion that such amendment was not necessary.

The exceptions to the master's report are couched in such general terms as to make it somewhat difficult to understand what were the precise questions intended to be presented. The Circuit Judge, however, seems to have regarded them as presenting but two questions of law: 1st, whether the master erred in ruling out the evidence to support the defence resting on the statute of limitations, because that defence was not specially pleaded. 2nd, whether the master erred in excluding the evidence offered to support the defence of *res adjudicata* upon the same ground. Now, as both of these exceptions were in terms overruled—the latter upon a different ground from that taken by the master—and his findings of fact were approved; and as the defendant has taken no exceptions to the judgment of the Circuit Judge, we think the inevitable result must be that the master's report should be confirmed. The question as to the correctness of the master's rulings is not before us, and therefore we have not considered the same, and must not be regarded as expressing any opinion in reference thereto.

The judgment of this court is, that the judgment of the Circuit Court, in so far as it recommits the case to the master, with leave to the defendant to amend his answer, be reversed, and that the case be remanded to the Circuit Court, with instructions to confirm the report of the master and render judgment in accordance therewith.

In this case, the defendant filed a petition for rehearing, alleging that he had not appealed from the findings of the Circuit Judge, because he supposed that it was not proper for him to do so, as the decree was favorable to him. On this petition an order was endorsed December 4, 1889,

PER CURIAM. We have carefully considered this petition and finding that no material fact or principle of law has been overlooked, the petition is dismissed.