## MILLAN v. SOUTHERN RY. CO.

1. PLEADINGS—AMENDMENTS—DISCRETION.—Whether a motion for leave to amend a pleading should be supported by affidavit, is within the discretion of the Circuit Judge.

2. IBID.—ANSWER.—THE DEFENSE OF CONTRIBUTORY NEGLIGENCE may be pleaded in an answer setting up a general denial.

3. ESTOPPEL.—ATTORNEYS are estopped from objecting on appeal that

Circuit Judge considered facts stated by counsel at hearing when no such objection was made at the time.

4. COUNTER-CLAIM—PLEADING.—CODE, 171, does not refer alone to the method of pleading counter-claim.

Before KLUGH, J., Newberry, July, 1898. Affirmed.

Action by Robert R. Millan against Southern Railway Co. From order permitting defendant to serve amended answer, plaintiff appeals.

*Messrs. Johnstone & Welch,* for appellant, cite: *It is necessary to show merit in proposed amendment by affidavit?* Code, 194; 21 S. C., 241; 2 Tenn. Ch., 344; 4 Johns. Ch., 375; 4 Jones Eq., 94; 1 Bland,, 150; 1 Md., 252; 10 Phil., 509; 13 Ga., 406; 83 Ill., 484; 33 Ark., 307; 32 Ark., 244; 5 Ind., 246; 17 N. J. Eq., 270; 5 N. J. Eq., 49; 5 Ga., 390. *When affidavit unnecessary:* 102 Ill., 84; 79 Ill., 189. *Court must be told what plea is:* 4 How., 311; 23 Ore., 307; 13 Cal., 600; 40 Ind., 104; 20 N. Y. Sup., 436; 14 Mich., 520; 72 Mo., 131; 21 Pa. St., 475. *Were the proposed facts unknown to defendant at time of serving original answer? if so, supplemental answer is the remedy:* Code, 198; 17 S. C., 127. *Amendments making new issues:* 13 Abb. Pr., 207; 49 Ind., 496. *Movant must show by affidavit some reasonable excuse for his defective pleading:* 22 Barb., 161; 70 Mich., 435; 35 Neb., 117; 23 Ore., 307; 3 Ore., 340; 149 Ill., 319; 13 Kan., 155; 36 Pac. R., 299; 29 Ind., 216; 10 Ind., 227; 14 Mo., 437; 19 Wis., 529; 90 Ky., 273; 41 Fed. Rep., 506; 13 Abb. Pr., 207; 27 N. Y. Sup., 587; 26 Ib., 180; 17 Minn., 123; 149 Ill., 319; 22 S. W. R., 159; 8 Mo. App., 596; 8 Tex., 94; 12 Colo., 216; 89 Ind., 230.

*Messrs. Duncan & Sanders,* contra, cite: *Order not appealable unless Judge has abused discretion or committed error of law:* 13 S. C., 23; 18 S. C., 315. *Amendments are allowed under Code with great liberality:* 48 S. C., 665; 49 S. C., 518; 38 Cal., 158. *Inconsistent defenses may be*

*set up:* Code, 171; 5 S. C., 344.   *Is contributory negligence a plea of confession and avoidance?* 51 S. C., 95, 159.

March 25, 1899.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   The complaint alleges three causes of action against the defendant, claiming $1,000 damages. Service of summons and complaint was made on 4th February, 1898.   On 12th February, 1898, carefully prepared notices were served to require plaintiff to elect upon which cause of action he would rely; to make the complaint more definite and certain; also, to set out a bill of lading; and, also, for more time to answer.   These motions were heard by Judge Benet at chambers on 21st February, 1898, and were decided on the same day (at night).   The answer was served on the 24th February, 1898, under protest.   On the 16th June, 1898, a notice of a motion before his Honor, Judge Klugh, at chambers for leave to file an answer, accompanied by such proposed amended answer, was served. On the 6th day of July, an order was made by his Honor, Judge Klugh, allowing the answer to be amended as directed.   From this order the plaintiff now appeals.   The following is the order made by Judge Klugh: "This is a motion to be allowed to amend the answer of the defendant, so as to allow it to set up the defense of negligence of the plaintiff in not watering and feeding the horses which it is alleged were injured by defendant's neglect in this particular; and also the defense that the plaintiff by his acts and conduct has waived any right he may have had to bring this action, and is now estopped from complaining of the defendant.   The motion is made upon the entire record herein, and is resisted on the grounds: (1) That there is no affidavit showing merit in the additional defenses, or want of knowledge on the part of the defendant of their existence at the time the original answer was served, or at least some reasonable grounds why they were not set up in the original answer; and (2) That the defense of contributory negligence

is a plea of confession and avoidance, it cannot be allowed as a defense where the negligence of the defendant is denied; and, also, (3) That as the defense of waiver and estoppel had not been alleged or pleaded in the original answer, the defendant must now be deemed to have waived it. It may be true that it is always better to make a motion of this kind upon affidavits showing that the proposed amendment is material, and that some reasons exist why it was not set up in the original answer. But where it appears that no delay or other injury can come to the plaintiff, and that the additional defense asked for, if established to the satisfaction of the jury, would defeat the plaintiff's claim, either in whole or in part, I do not think that an affidavit is absolutely necessary before the amendment should be allowed. Nor do I think that an affidavit should be required stating the reason why the proposed new facts were not alleged in the original answer, where it appears, as it does in this case from the record itself, and as is stated by counsel, the answer was in the first instance hurriedly prepared, as in such cases it frequently happens that counsel leave out matter which more mature deliberation convinces them is material. Neither do I think that the amendments should be refused on either of the grounds urged against them. The Code, section 171, subdivision 2, permits a defendant to set forth in his answer as many defenses as he may have, even though they may be inconsistent with each other, they should be stated and set forth in separate paragraphs. And as the defendant asks to be allowed to do this, the motion will be granted."

The grounds of appeal are as follows: "1. That his Honor, Judge Klugh, erred in holding that it was not necessary in the motion before him to show by affidavit: (1) That there was merit in the proposed amendments. (2) That the existence of the fact or facts which gave rise to the proposed amendments was unknown to the defendant at the time it served its original answer. (3) That, if these facts were within the knowledge of the defendant at the time of the service of its original answer, some

reasonable excuse for not having stated or pleaded them. 2. That his Honor, Judge J. C. Klugh, erred in allowing the defense of contributory negligence as an amendment to the original answer of the defendant, because the original answer of the defendant was a single defense, composed of several allegations, one of which was a general denial; and was, therefore, utterly inconsistent with the proposed amendment, which was one of confession and avoidance on the part of the defendant.  3. That his Honor, Judge J. C. Klugh, erred in holding that it was a sufficient showing wherein it was made to appear that the 'additional defense' is such a defense, *per se,* and irrespective of the facts upon which it is founded, that if established, would defeat the plaintiff's claim in whole or in part, to entitle the defendant to amend his answer.  4. That his Honor, Judge J. C. Klugh, erred in holding that an affidavit should not be required, 'stating the reason why the proposed new facts were not alleged in the original answer, when it appears, as it does in this case from the record itself and from the statement of counsel, the answer in the first instance was hurriedly prepared.'  5. That his Honor, Judge J. C. Klugh, erred in holding that 'the Code, in section 171, subdivision 2, permits a defendant to set up as many defenses in his answer as he may have, even though they may be inconsistent with each other; they should be stated in separate paragraphs, and as the defendant asks to be allowed to do this, the motion will be granted.' "

We will examine them in their numerical order.  1. We have been careful to reproduce the text of the order of the Circuit Judge, and also the grounds of appeal therefrom, because the question as to the *form* in which application to amend an answer before trial should be made is for the first time presented to us for consideration.  The right to grant amendment of pleadings is set out, in its different phases, in section 194 of our Code of Procedure.  It is in these words: "Sec. 194: The Court may, before or after judgment, in furtherance of justice,

and on such terms as may be proper, amend any pleading, process or proceeding * * * or by inserting other allegations material to the case * * *" Thus the law clothes the Circuit Judge with the right, before or after judgment, to allow an amendment to an answer, in furtherance of justice, and on such terms as may be proper.    The discretion is that of the Circuit Judge, and unless some statutory provision or rule of Court, in consonance with the law, guides the Judge as to the method to be pursued in presenting such question to him, it would seem that he was master of the situation, and is only to be guided by the furtherance of justice, and by such terms as he may deem proper.    After reflection and reading, we must say that both our statutes and our rules of Court lay no restriction upon the application of the Circuit Judge for such amendments, *so far as their form* is concerned.    The Circuit Judge, on such an application to amend the answer, may require an affidavit from the movant that the proposed amendments are meritorious; or that such amendments are based upon facts existing at the time the original answer was prepared; or that the failure to have the original answer to embody the proposed amendment did not arise from negligence or carelessness.    Under such circumstances, we are obliged to hold that this ground of appeal cannot be sustained.

2. It does not seem to us that the Circuit Judge was in error in permitting the amendment to the answer, in which amendment it was set out that the defense of contributory negligence was relied on.    If this defense could be substantiated, it would defeat plaintiff's right of recovery.    The theory of the Code is, that in a complaint the plaintiff should be allowed to set out as many causes of action as he may have arising out of the same transaction; and that the defendant should be permitted to include in his answer *all the defenses* to the plaintiff's causes of action set out in the plaintiff's complaint, and in pleading in the answer such separate defenses, there need be no care that such separate defenses are con-

sistent with each other. The requirement must be that such separate defenses are in answer to plaintiff's single or several causes of action, as set out in the complaint. 3. Our answer to the second ground of appeal is sufficient as to the third.

4. We think that counsel for appellant are cut off from raising any objection *now* to the reliance placed by the Circuit Judge upon the bare statement of respondent's counsel that their original answer was prepared in great haste, or hurriedly prepared; because, when such statement of counsel was made, as appears from the "case" for appeal, no objection was interposed by appellant's counsel to that method of presenting facts to the Circuit Judge. If attorneys object to verbal statements of facts by opposing counsel, they should do the Circuit Judge the kindness of objecting thereto *then and there,* and not wait to do so until an appeal is taken. We might remark that the relation of the Circuit Judge to his brethren at the bar, and also that of counsel among themselves—all of them being of such high character—that unless an objection to a verbal statement of a fact by an attorney is objected to at the time, it is the most natural thing in the world to accept it. No doubt, as the Circuit Judge remarked in the case at bar, it would be better to have all statements of fact, upon which motions to amend shall be predicated, presented in affidavits, but such a course is not indispensable.

5. We cannot hold the Circuit Judge in error, as complained in this ground of appeal. The language of section 171 of the Code is: "* * * The defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. They must each be separately stated, and refer to the causes of action which they are intended to answer, in such manner that they may be intelligibly distinguished." We apprehend that the appellants rely upon the fact that section 171, *supra,* seems to be intended to embrace *counter-claims*

to bring home error to the Circuit Judge. Primarily, the view of the appellant of this section of the Code seems to be correct; but an examination of the text of the section shows that the special regulations as to counter-claims alone have already been presented therein. But after that the language employed shows that a broader and more comprehensive discretion is wished to be given; hence the language employed is, "The defendants may set forth by answer *as many defenses and counter-claims as he may have*, &c." We must overrule all these grounds of appeal.

It is the judgment of this Court, that the order of the Circuit Court appealed from be affirmed, and the action be remanded to the Circuit Court.