HALK v. STODDARD.

DISCRETION—APPEAL—REFERENCE—MASTER.—In a case referred to pass on all the issues, after filing report, a motion to recommit, or revoke the order of reference, and permit case to stand for trial, on the ground that a witness desires to change his testimony, and that other witnesses would swear in favor of the mover, who had not been examined before, and whom the party could not find, stating reasons for failure to find, is addressed to the discretion of the Court; and his refusal of the motion when based on his discretion will be sustained. although not appealable.

Before TOWNSEND, J., August, 1901.     Affirmed.

Motion in case of Martha Halk against Laura H. Stoddard. From refusal of motion, plaintiff appeals.

*Mr. W. H. Martin,* for appellant, cites: *Judge having stated he had no power to grant the motion except for fraud, &c., it should be reversed:* 17 S. C., 207; 26 S. C., 581; 16 S. C., 116; 20 S. C., 282.

*Mr. Adam C. Welborn,* contra, cites: *Refusal of motion to recommit is within discretion of Judge:* 17 S. C., 21; 19 S. C., 600; 26 S. C., 581; *and is not appealable:* 39 S. C., 456; 18 S. C., 601; 31 S. C., 203; 8 S. C., 50. *Also motions for new trials on after-discovered evidence are addressed to his discretion:* 28 S. C., 606; 33 S. C., 403; 15 S. C., 547; 38 S. C., 227.

March 3, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was commenced in the Court of Common Pleas for Laurens County, in this State, to cancel and set aside a deed alleged to have been executed by the plaintiff to the defendant, upon the grounds that said deed was "a forgery and a fraud and a cloud" upon the plaintiff's title to a tract of land, situate in Laurens County, in this State, containing about 145 acres. The answer denied that the deed was a forgery or a fraud. By consent of all parties, Judge Benet referred all the issues of law and fact to Frank P. McGowan, Esq., as special referee. After taking all the testimony offered at the reference and after argument, the special referee made his report, wherein he found all the issues of law and fact against the plaintiff. The plaintiff duly excepted to the report.

At the term of Court when the cause would have been heard on its merits, the plaintiff upon affidavits, after due notice, applied to the Circuit Judge, Judge Townsend, to recommit the report to a special referee. The affidavits submitted were as follows: W. H. Martin, Esq., plaintiff's attorney; O. G. Thompson, Lillie F. Babb, Maj. W. A. Watts, C. W. Tune. In Mr. Martin's affidavit he states that although he attempted to see the deed before, he was only able to see the same a few days before the reference was held. In Mr. Thompson's affidavit he states that he testified at the reference that the signature of C. M. Kellett, who was a subscribing witness to the deed itself and also signed the proof of the same for registration, was his genuine signature, but

since that time, by a comparison of the signature of Mr. Kellett to the deed as a witness with the signature of Mr. Kellett to other papers which the witness knew he had signed, he has been greatly shaken in his confidence in the genuineness of the signature of Mr. Kellett to the deed; and that if now called to testify, he would have to say that "the signature of said Kellett to said deed was not genuine." The affidavit of Mrs. Babb, who was the widow of Mr. Kellett, swears that she does not believe the signature to be that of her former husband. Maj. Watts in his affidavit says, from the comparison of C. M. Kellett's signature as a witness to the deed with other signatures of Kellett said to be genuine, it is not the genuine signature of W. H. Kellett. So swears, also, Mr. C. W. Tune. Upon hearing the affidavits read and after argument, Judge Townsend held as follows:

"This is a motion to set aside the special referee's report and recommit the cause, or to revoke the order of the reference and allow the cause to stand open for trial. The motion was marked 'heard' by me at the July term of this Court at Laurens, S. C., 1901, and the hearing was had afterwards at a time agreed on by counsel. No authority has been cited authorizing such an order as is asked for, and I cannot see how such an order could be granted except for fraud practiced on the special referee at the reference, or at some time while the cause was before him, or for undue influence, duress or something similar to these. None of these are alleged in the motion papers, and all who know the special referee know that he could not be swerved one iota from the path of duty, unless fraud were practiced on him. But, as I have said, nothing of the kind has been alleged or intimated in any way whatever, and I only mentioned these matters as the only grounds upon which the order asked for could be granted. So these matters are out of the question and need not be considered. The only order that could be made with any reason would be an order to allow a witness, Mr. Thompson, to go back on the stand and correct his former

testimony. This is often done in the trial of a cause, provided such leave is asked for before the trial closes. But such an order is not asked for in this case; and if it were. I cannot see how it would be proper to grant it under the circumstances surrounding this case. I refer to the stage of the case at which the motion was made. The order of reference was passed in October, 1900. The reference was held in November, 1900, at which very nearly twenty witnesses were sworn; among them was Mr. Thompson, whose testimony it is now sought to have corrected. The special referee filed his report, including his conclusions of law and fact, several months ago. After this lapse of time, and at this stage of the case, it seems to me that it would be an abuse of discretion to allow witnesses to go back on the stand to correct their former testimony. The testimony in question related to the genuineness of the signature of C. M. Kellett, an alleged witness to the deed sought to be set aside and cancelled by this action. At the reference, Mr. Thompson testified his belief as to the genuineness of Kellett's signature; since that he says in his affidavit (one of the motion papers) that he has examined the said signature again, and also other signatures of Kellett which he knows to be genuine, and that he 'has reached the conclusion that there are grave doubts in this deponent's mind as to genuineness of said signature;' 'and this deponent would now, if called upon to testify, have to say that he did not believe that the alleged signature was genuine.' The widow of Kellett, now Mrs. Babb, was not sworn at the reference, but says in her affidavit (one of the motion papers) that she does not believe said signature is genuine. It is proposed to swear her. It is not shown what effort, if any, was made to procure her attendance at the first reference. It is sought to examine two other new witnesses, Mr. Watts and Mr. Tune (both of whom reside in the city of Laurens), who would testify against the genuineness of the said signature upon a comparison of handwriting. Thus it will seem that it is proposed to re-examine one witness, the others being entirely new. In my opinion, to

recommit the report for such purpose upon the grounds urged would be an abuse of my discretion; and besides, as there has been a judicial opinion rendered by the special referee and filed, I doubt the legal right to recommit at this stage of the cause; but I base my refusal to grant the motion on my discretion. It will be observed that this is not a case of newly-discovered testimony, but of newly-discovered witnesses, except Mr. Thompson, who is probate judge of Laurens County, and has his office in the court house building. It is, therefore, ordered and adjudged, that the motion be refused."

From this order of Judge Townsend the plaintiff appeals on the following grounds:

"I. It is respectfully submitted that his Honor, D. A. Townsend, erred in holding no order could be granted in this case for the purpose of recommitting the case to the special referee except for fraud practiced on the referee, or undue influence, or duress, or something similar to these.

"II. That he erred in holding that the only order that could be made in reason would be to let the witness, Mr. Thompson, go back on the stand to correct his testimony.

"III. He erred in holding that at this stage of the case it would be an abuse of discretion to allow the witness to even correct his testimony.

"IV. He erred in holding that no effort was shown to have been made to procure the attendance of the witness, Mrs. Babb, when it is respectfully submitted the plaintiff did all she could to procure witnesses when she nor her attorney were allowed the possession of the alleged deed for such purposes.

"V. He erred in not recommitting the case, when he found as a matter of fact that there were three new witnesses sought to be examined. (a) And in holding to recommit the case for such purpose would be an abuse of discretion. (b) That he could not recommit the case after the special referee had made his report. (c) That the report of the special referee was a judicial opinion rendered in the case.

"VI. Because he erred in holding that it was not a case of newly-discovered testimony, but of newly-discovered witnesses.

"VII. That he erred in not holding that it would be an abuse of discretion not to recommit the case upon the showing made by plaintiff.

"VIII. Because he erred in not recommitting the case for a rehearing before the special referee.

"IX. Because he erred in not recommitting the case for the purpose of allowing the plaintiff to introduce her additional testimony and allow the special referee to pass upon the same.

"X. Because he erred in not holding that the plaintiff's showing was sufficient to warrant the granting of a new trial or rehearing; and in not recommitting the case for that purpose."

We will now pass upon these grounds of appeal. It is well to remember in all such cases as the present that they are addressed to the sound discretion of the Circuit Judge before whom they are brought. The law wisely commits them to his decision, and in no case will this Court interfere therewith unless some palpable error is made by him. For instance, if a Circuit Judge should announce in his order that he would have granted the motion if he had the power under the law to grant such motion, that would be a legal error which we would correct, upon the ground that the law does grant him such power when he is satisfied that the case made before him justifies granting the motion. In the case at bar, however, the Circuit Judge uses this language in his order: "But I base my refusal to grant the motion on my discretion." It is true, he had developed in his order what he conceived were the objections to the exercise by him of his power to grant this motion. There can be no doubt that after a special referee has filed his report in the cause, that thereby it is placed in the power of the losing party to afterwards strengthen his side of the case. This is true of nearly every case tried. Still, such a power does not appeal

to the discretion of the Circuit Judge unless for good cause shown. The whole testimony by affidavits is cumulative, for at the hearing before the special referee, many witnesses were offered as to the genuineness of the deed in question, and it is as to this issue that the witnesses are sought to be had. Of necessity, unless for the strongest reason, a decision once reached should be final. When a party has once had his or her day in Court, the trial should end.

The *first* exception is overruled. The Circuit Judge did conform his decision to the points suggested in this exception. He finally based his order upon the exercise of his discretion. So, too, the *second* exception is overruled. Mr. Thompson testified at the hearing before the special referee he knew the deceased witness to the deed. He was familiar with his handwriting.

As to the *third* exception, it would have been error in the Circuit Judge to allow Mr. Thompson to simply correct his testimony. What would have become of the right to cross-examine the witness. This exception is overruled.

As to the *fourth* exception, we see no error here. The plaintiff did not ask an adjournment of the reference to obtain other testimony.

As to the *fifth* exception, no good ground is shown why this cumulative testimony could not be had under due diligence. The exception is overruled.

As to the *sixth* exception, we see no legal error. It was but an apt way adopted by the Circuit Judge to call the testimony desired to be offered cumulative testimony.

The *seventh* exception is overruled. It is too general.

The *eighth* exception is overruled. It is also too general.

The *ninth* exception has virtually been already passed upon. It is overruled.

The *tenth* exception is overruled. The determination as to the sufficiency of the showing was confided to the Circuit Judge.

We have *ex gratia* passed upon these exceptions, for the order of Judge Townsend was not appealable. See the de-

cisions of the *State* v. *Workman,* 15 S. C., 547; *State* v. *Don Carlos,* 38 S. C., 227; *State* v. *Hoover,* 33 S. C., 403; *Watkins* v. *Lang,* 17 S. C., 21; *Symmes* v. *Symmes,* 18 S. C., 601; *Canfield* v. *County of Charleston,* 19 S. C., 600.

It is the judgment of this Court, that the order appealed from be affirmed, and that the cause be recommitted to the Circuit Court for a hearing upon plaintiff's exceptions to the report of the special referee.