## HALK v. STODDARD.

1. REFERENCE—DISCRETION—CIRCUIT JUDGE.—Recommittal of report of referee for further testimony is within discretion of trial Judge.
2. ORDER—DECREE.—Judge may dispose of preliminary motion in special order or in general decree.                    ,
3. DEED—FRAUD—FORGERY.—Findings by Circuit Judge that the only issue raised by the pleadings was the forgery of the deed in question and procurement of same by fraud; that there was no forgery or fraud, and that deed was properly executed for valuable consideration, sustained.

Before CAREY, special Judge, Laurens, December, 1902. affirmed.

Action by Martha Halk against Laura H. Stoddard.

From Circuit decree, plaintiff appeals on the following exceptions:

"I. Because his Honor, D. A. Townsend, erred in overruling the motion of plaintiff for leave to amend her complaint by his order, dated June 1st, 1901, when the grounds set forth in the notice of said motion were germane to the issues involved, and did not change the nature of the action or defense.

"II. Because his Honor, James P. Carey, special Judge, erred in refusing leave to plaintiff or defendant to introduce additional testimony upon the hearing of the exceptions and report of the special referee, or in not recommitting the case to the special referee for the purpose of receiving such further testimony as plaintiff or defendant might desire to introduce.

"III. Because his Honor, James P. Carey, special Judge, erred in not passing upon plaintiff's motion before hearing the case on its merits.

"IV. Because his Honor, James P. Carey, special Judge, erred in affirming special referee's report upon the grounds that neither the pleadings nor the testimony made a case for equitable relief except that of forgery, and that the testimony is not sufficient to sustain the contention of forgery.

"V. Because his Honor, James P. Carey, erred in holding that there were no grounds for setting aside said purported deed alleged in the complaint, except that of forgery.

"VI. Because his Honor erred in holding that there were no grounds for setting aside said purported deed of an equitable nature.

"VII. Because his Honor erred in holding that the only issue in the case was that of forgery.

"VIII. Because he erred in holding that the plaintiff assumed the burden of proof in this action, when all of the testimony was adduced.

"IX. Because he erred in not holding that the want of recording, coupled with interlineations, were elements of fraud, and vitiated said purported deed.

"X. Because he erred in giving any weight to the testimony of Mary Stoddard, when he had already found and held by confirming the special referee's report that her name to said purported deed was written therein after the death of both the other subscribing witnesses.

"XI. Because he erred in holding by confirming the special referee's report that the signature of C. M. Kellett to the said purported deed and probate was genuine, and that the probate to said purported deed was a circumstance to be considered in favor of its genuineness.

"XII. Because he erred in holding that C. M. Kellett could not have signed his name to said purported deed unless Mrs. Halk was present and assented.

"XIII. Because he erred in holding no one visited or ministered to the wants of Mrs. Halk in her sickness except Mrs. Stoddard, when her grand-daugher, Rosalee Barnett, *nee* Mackey, and her husband, and his brother, resided with Mrs. Halk during the time of these alleged visits and ministrations.

"XIV. Because he erred in confirming the said special referee's report in holding that said purported deed was executed for the purpose of remunerating Mrs. Stoddard, when the testimony shows that none was due her, and that she left that community almost immediately afterwards, and never returned.

"XV. Because he erred in holding, by confirming the special referee's report, that the plaintiff executed said purported deed, and that it was her deliberate act, and by reason of failing memory she is unable to remember the fact, when the testimony shows that she is a woman of remarkable recollection, and this alleged transaction involved all her earthly belongings."

*Mr. Albert C. Todd,* for appellant, cites: *As to burden of proof:* 41 S. C., 167; 15 S. C., 72. *When plaintiff's equities are strong, relief should be granted:* 1 Am. Dec. in Eq., 254.

*Mr. Adam C. Welborn,* contra, cites: *As to motion to amend:* 9 S. C., 330; 18 S. C., 315; 26 S. C., 474; 32 S. C., 69; 41 S. C., 349. *Rule on appeal from finding of fact:* 1 S. C., 325; 3 S. C., 545; 5 S. C., 414; 11 S. C., 33, 548; 14 S. C., 473.

July 13, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This case has been before this Court once before. See 62 S. C., 564. This time it comes by an appeal from a decree upon the merits. It seems that in the year 1900, the plaintiff, appellant, exhibited her complaint in the Court of Common Pleas for Laurens County, in this Sate, wherein she complained that the defendant, Laura H. Stoddard, had in her possession a deed to her homestead of 145 acres of land, which purported to be signed by the plaintiff. That Mrs. Stoddard's deed bore date the 20th day of May, 1890, although not placed upon the register of mesne conveyance for Laurens County until 26th January, 1895. That said tract of land was about all the property the plaintiff owned. That said deed was "a fraud and a forgery" and "a cloud upon plaintiff's title," and "unless said purported deed is delivered up and cancelled, it will operate as an irreparable injury to this plaintiff." That her great age of about 90 years, enfeebled and illiterate, has caused the delay in the assertion of her rights. The defendant promptly answered the complaint, setting up her title to said land after the termination of the life estate of the plaintiff therein, under a deed made by the plaintiff to the defendant for a valuable consideration, on the 20th day of May, 1890, which said deed was recorded in the office of the register of mesne conveyance on the 26th day of January, 1895. The defendant solemnly declares that there was naught of forgery or fraud about or connected with the deed. The defendant admits that the plaintiff has occupied the land about forty years, but says the plaintiff's occupancy thereof since 20th May, 1890, is only as a life tenant.

When the cause came before his Honor, Judge Benet, by

consent of the attorneys on both sides, all the issues of law and fact were referred to Frank McGowan, Esq., as special referee. At the time appointed both sides presented witnesses, about twenty in number. After full argument, the special referee made his report, wherein he found against the plaintiff and recommended that her complaint be dismissed. At this juncture plaintiff made a motion to amend her complaint and for recommittal of the report to the master in order that more testimony might be taken. Circuit Judge Townsend, in the exercise of sound discretion, declined these motions. The Supreme Court on appeal sustained the action of the Circuit Judge. The cause came on to be heard by special Judge, Hon. James P. Carey, who overruled a motion to recommit report and also a motion to hear additional testimony from each side. He then made his decree, wherein he overruled all the exceptions to the special referee's report, and decreed that the plaintiff's complaint be dismissed. From the order denying the motion before special Judge Carey and also from his decree, the plaintiff has appealed. These grounds of appeal will be reported. We will now pass upon these in their order.

1. The decision of this Court, as found in 62 S. C., 565, completely settles this exception. It is overruled.

2. It is within the sound discretion of a Circuit Judge as to taking additional testimony to that offered before the special referee. It ought not to be taken when the report of the special referee is before the Court to be heard upon exceptions thereto. The proper practice is to recommit the case to the special referee to take additional testimony, if the Circuit Court becomes convinced that such a course is proper. It is, however, a matter for the exercise of his discretion. This exception is overruled.

3. It is often the case, when an action is called for trial, that a preliminary motion is made and heard before the cause is heard on its merits. Then the Circuit Judge is at liberty to announce his conclusion in a separate order or

to embody his decision of the motion in his decree itself. This exception is overruled.

4. There can be no question that forgery and fraud were alone set up in the complaint as reasons why the deed should be cancelled. A plaintiff should be held to the issues tendered, unless an amendment to the complaint is allowed. We must say that we have read time and again all the testimony, and we cannot conclude that the view of either the special referee or of the special Judge as to the testimony was error. This exception is overruled.

5. Ths exception is overruled for the reasons set out in the fourth subdivision of this opinion.

6. We do not see that the special referee found that there were no grounds of an equitable nature to set aside the deed. He did hold that under the pleadings and the proof the deed should not be set aside because the deed was not forged, nor was there fraud.

7. A careful reading of the testimony convinced the special Judge, as it has convinced us, that the only issue actually tried was forgery or no forgery.

8. We do not think the special Judge erred when he held that the plaintiff had the burden of proof of the allegations of her complaint, which were denied by the defendant. This question as to the order of proof was not made before the special referee. According to the "Case" (which must govern us), the plaintiff opened with her testimony and the defendant then replied to that testimony. This exception is overruled.

9. All the testimony in the case was before the special referee and the special Judge. We are satisfied with their findings of fact. This exception is overruled.

10. The testimony of Miss Mary Stoddard was considered just, as was the testimony of each witness, by the special referee and the Circuit Judge. We see no reason to reach a conclusion at variance with theirs. This exception is overruled.

11. According to the testimony offered at the hearing, C.

M. Kellett's signature was proved. This exception is over-ruled.

12. The special Judge held that C. M. Kellett must have seen Mrs. Martha Halk sign the deed with her mark, because he so swore. His veracity was not attacked unless the plaintiff might be said to attack it. Her bad manners in using vile language did not impress us. Then she denied too much. Her statements were not consistent.

13. We were very much impressed by the testimony that *few relatives or white friends visited* Mrs. Martha Halk except the Stoddard family at the times indicated in this exception, and it is overruled.

14. We think it was very natural for the plaintiff to wish to remunerate the Stoddards—especially Mrs. Stoddard—for her great kindness and sympathy shown to Mrs. Halk, especially as she did not wish the Whites, who paid her little or no attention, to have her property after her death. This exception is overruled.

We see no error in the report of the special referee or the special Judge as here pointed out. The preponderance of the testimony is clearly in favor of the execution of the deed by the plaintiff, that it was her deliberate act. It makes little difference what Mrs. Halk's reasons may be now for disputing her deliberate act in the year 1890. It is charitable to say that she is old, forgetful, &c.

It is the judgment of this Court, that the judgment of the Circuit Court be and is hereby affirmed.