9375

SAYE *ET AL.* v. HILL.

(88 S. E. 529.)

1. PLEADING—SUPPLEMENTAL COMPLAINT.—In an action of trespass, an allegation in an amendment to the complaint, that "the defendant has continued to trespass on said property whenever it has suited his convenience to do so" is supplemental and not an amendment to the complaint.

2. APPEAL AND ERROR—PLEADING—OBJECTIONS BELOW—COMPLAINT.—In an action of trespass, an objection that the allegation in the complaint is not specific as to the time and character of the alleged trespasses is by motion, and cannot be made on appeal.

3. TRESPASS—DAMAGES—AMOUNT AWARDED.—In an action of trespass, recovery is limited to such damages as have accrued when the action was brought, or on the date of the allowance of a supplemental complaint.

Before HON. H. P. GREEN, special Judge, York, ——, 1915. Affirmed.

Action by Ella R. Saye and another against W. L. Hill. Judgment for the plaintiffs, and defendant appeals.

See, also, 100 S. C. 21, 84 S. E. 307.

*Messrs. Hart & Hart,* for appellant.

*Mr. J. S. Brice,* for respondents.

April 10, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This cause was here once before this (100 S. C. 21, 84 S. E. 307). On the second trial the jury, as on the first, found a verdict for the plaintiff. The last verdict was · general, and was for $375. The present appeal makes a single question and a very narrow one. The plaintiff sued for trespass on lands. The Court charged the jury that it could assess only such damages as had accrued "up to the time you bring your action, or up to the time you bring your supplemental action. Up to the time of the amended complaint would be the last time under which they could recover any damages in this case, if the intervening acts of trespass are alleged in the amended complaint."

The appellant insists that only those damages which accrued up to the commencement of the action were recoverable, and that is the only issue to be decided. Assuming that to be true, we think there was no error in the Judge's charge.

The difference betwixt an amended complaint and a supplemental complaint is elemental; and a complaint is one or the other, not because it is so denominated by motion and order, but because of the events it recites. In the insant case the new allegation of the complaint is:

"That the defendant has continued to trespass upon the said property unlawfully by using the same and portions of the same since the dates above mentioned whenever it suited his convenience to do so."

This allegation was supplemental to the complaint.  If the defendant had desired a more specific statement of the time and character of these newly alleged acts of trespass, his remedy was to have moved for it.

This action was begun March, 1909; the trespasses were alleged in the complaint to have occurred in December, 1908, and January and February, 1909.  The supplemental complaint—for such it was though called an amended complaint—was allowed July, 1911.  The Court confessedly limited the recovery to the latter date. There was no error in the direction, and the exception is only to the direction.  It is true Saye and Hartness testified to acts of trespass after the commencement of the action, but not after the date of the supplemental complaint, except Saye; he testified to acts of trespass after the date of the supplemental complaint, but there was no objection to his testimony, and there is no exception about it.  The Court confessedly limited the jury to July, 1911.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE WATTS, being disqualified, did not sit in this case.