13096

FOGEL v. McDONALD

(157 S. E., 880)

September, 1929.

*Mr. Samuel Want,* for appellant,

*Messrs. Barr & Smith* and *Shimel & Rittenberg,* for respondent,

March 20, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by the respondent, by her guardian *ad litem*, on the 7th day of September, 1929, for the purpose of having an alleged marriage between her and appellant declared void under the provisions of Section 5532, Vol. 3, of the Code of Laws of South Carolina, 1922, which provides as follows: "The Court of Common Pleas shall have authority to hear and determine any issue affecting the validity of contracts of marriage, and to declare said contracts void for want of consent of either of the contracting parties, or for any other cause going to show that, at the time the said supposed contract was made, it was not a contract: *Provided*, That such contract has not been consummated by the cohabitation of the parties thereto."

On the day the suit was begun, the appellant, by indorsement thereon in writing, accepted service of the summons and complaint, which, after setting forth merely formal allegations, the appointment of a guardian *ad litem* for the infant plaintiff, the performance of the marriage ceremony by the Judge of Probate of Williamsburg County between midnight of the 4th day of September and 1 o'clock a. m. of the succeeding day, at Kingstree, in substance, alleges: That the marriage was not consummated by the cohabitation of the parties; that the plaintiff never consented to the purported contract of marriage with the defendant, but that a ceremony having the form of a marriage was entered into by her in a spirit of levity and jest without realizing the seriousness of the nature of the same; that it was not her intention to legally marry the defendant, and that she thought at the time that her acts would have no serious or binding consequences, but that she, after the conclusion of such childish prank, would return to her parents, and plaintiff demanded that the said alleged marriage be annulled.

On the same day, the appellant *in propria persona* filed a verified answer, in form and terms obviously the produc-

tion of an attorney whose name is not disclosed, in which he admitted all of the allegations of the complaint, joined in the prayer for the relief demanded therein, and consented "to all further orders and (or) proceedings in this action necessary to obtain the relief demanded in the complaint herein and this answer."

On September 9th, upon motion of respondent's attorneys, and based on the general consent set out in the answer, the cause was referred, by order of the resident Judge, to the Clerk of Court of Georgetown County, as special referee, to take the testimony and to hear and determine all issues of law and fact involved.

The report of the special referee, bearing date the 17th day of September, 1929, states that a reference was held and testimony taken on that day.

On the 18th day of September, 1929, immediately following the "coming in" of the report of the special referee, and less than twenty days after the acceptance of service of the summons and complaint, the appellant, by his attorney, Julian L. Johnson, Esq., had served upon respondent's attorneys a verified pleading entitled "supplemental answer," which, after admitting the truth of certain allegations contained in the first paragraph of the complaint and denying the other allegations thereof, substantially, alleges by way of defense: That on the night of the 4th day of September, 1929, at the request of the plaintiff, he went to the Town of Kingstree, at which place and time stated in the complaint the plaintiff and defendant were granted a marriage license setting forth the usual affidavits by both parties; that subsequent to the issuing of this license the parties were legally married by the Judge of Probate of Williamsburg County, and at the conclusion of the ceremony the Judge of Probate executed the usual certificate of marriage attached to the reverse side of the marriage license; that the plaintiff refused to leave the defendant at Kingstree and remained with him until she was enticed away by false statements regarding

the physical condition of her mother; that the plaintiff requested the defendant to enter into the marriage contract with her, which, after due consideration, he consented to do; that she is the legal wife of the defendant, and he asks that the complaint be dismissed.

On September 23, 1929, respondent's attorneys served upon the appellant's attorney a notice of a motion to be heard on September 28, 1929, for a decree confirming the report of the special referee and declaring the alleged marriage contract void *ab initio*.

At the hearing of this motion, appellant's attorney directed the attention of the Circuit Judge to the "supplemental answer," objected to the rendering of final judgment on the ground that the appellant was entitled to offer testimony in support of his "supplemental answer," and that, in effect, he had not had his day in Court. The Circuit Judge overruled these objections and signed a decree in conformity with the prayer of the complaint annulling the marriage.

From the foregoing narration of the proceedings in the Circuit Court, the following facts, and inferences deducible therefrom, plainly appear:

The marriage in question entered into at Kingstree on the 5th day of September, 1929, was dissolved by judicial decree within twenty-three days thereafter, and all the proceedings, except the disposition of the motion for a decree confirming the report of the special referee, were carried through within eighteen days after the marriage ceremony was performed. Thirteen days after the marriage, and eleven days after the service of the summons and complaint, but one day after the filing of the report of the special referee, the appellant served an alleged "supplemental answer," which on its face is clearly an amended answer, as we shall hereafter show, denying the allegations of the complaint and alleging affirmatively the legality, and, by clear implication, the consummation of the marriage. The order referring the cause to a special referee was made without any specific notice, and

upon the general consent contained in the original answer of the appellant. The special referee does not state in his report where the reference was held, who was present thereat, nor was any notice given appellant of the filing of the report of the referee, except the general consent embodied in the original answer, although the amended answer had been duly served. Five days after service of the amended answer, respondent served upon appellant's attorney notice of a motion to be heard before the Circuit Court on the 28th day of September for an order confirming the report of the special referee in which the annulment of the marriage was recommended. Attorneys for respondent took no action to reject or otherwise dispose of the amended answer, except, apparently, to contend before the Circuit Judge that the same was not entitled to consideration, although, as already stated, the amended answer was served the day following the filing of the referee's report, and within twenty days from the service of the original answer. The appellant was denied an opportunity provided by law (Rule 16, Circuit Court Rules) to file exceptions to the report of the referee within ten days after notice of the filing thereof, and no opportunity was afforded him to offer any testimony in support of the allegations of his amended answer.

The form in which the testimony appears in the record is strongly suggestive of the contention of appellant's counsel, Mr. Want, who appeared in behalf of appellant on this appeal, that, as a matter of fact, no formal hearing was held, and that what actually transpired was that oral statements taken from the witnesses were subsequently reduced to writing and submitted to the witnesses to be sworn to in the presence of the special referee at their several places of business and residence. Indeed, counsel for respondent at the oral argument of the cause in this Court practically admitted the fact.

While the exceptions are admittedly crude, and we may say in justice to the attorney who represented appellant in

this Court that he was not connected with the case at the time of the preparation of the appeal, they are at least sufficient to present for the consideration of the Court the question as to the judicial propriety of disregarding the amended answer served by the appellant and rendering judgment without according to him an opportunity to present testimony in support of the allegations thereof.

In the view we take of the case, it will only be necessary to consider this question and not determine the sufficiency of the testimony to make out the case set forth in the complaint either on the very vital question of cohabitation between the parties or whether the acts and purposes of the parties were such as to bind them to the marital status.

It is elementary that in proceedings of this character the State is a silent but not by any means an inactive third party. The marriage status being a matter of the deepest public interest and concern, the trial Judge has the power, and it is his duty, to see that such a status is not disturbed except under circumstances and for causes fully sanctioned by law. In this class of cases, probably more than all others, the State exercises a jealous and exclusive dominion. These fundamental considerations are, or should be, scrupulously regarded and enforced, and it is of great importance that the presiding Judge shall, when necessary, prevent, to the utmost exercise of his judicial power, the dissolution of a marriage contract by collusion, default, or coercive pressure exerted upon either or both of the parties. These observations have the full support of our carefully considered adjudications on the subject. 38 C. J., 1273, 1346; *Davis v. Whitlock,* 90 S. C., 233, 73 S. E., 171, Ann. Cas., 1913-D, 538; *Jakar v. Jakar,* 113 S. C., 295, 102 S. E., 337.

The pleading designated as a "supplemental answer" is clearly an amended answer, and the learned Circuit Judge was in error in not so holding. This pleading sets forth no facts occurring after the filing of the original answer, or of which the party was ignorant when the

original answer was filed. It is nothing more than a confirmation of certain facts stated or implied in the complaint, a denial of certain other facts alleged therein, with additional allegations relating to matters to which the appellant was a party that occurred prior to the commencement of the action. No possible construction of this pleading will support the view that Section 440 of the Code of Civil Procedure 1922, relating to supplemental pleadings and relied upon by the respondent, is applicable so as to make a motion and "leave of the Court" a prerequisite to its service and use as embodying the appellant's defense.

The erroneous designation of the pleading as "supplemental answer" cannot possibly alter its legal status or deprive the appellant of any legal right based thereon. As aptly said by Mr. Justice Gage in the case of *Saye et al. v. Hill,* 104 S. C., 237, 88 S. E., 529, 530, the pleading is amended or supplemental "not because it is so denominated by motion and order, but because of the events it recites."

As stated by this Court in the case of *Furman v. Tuxbury Land & Timber Co.,* 112 S. C., 71, 99 S. E., 111, followed in the case of *Atlantic Coast Lumber Corporation v. Morrison,* 152 S. C., 305, 149 S. E., 243, 245, the law simply requires a litigant to state his case in his pleading and "does not require him to characterize the facts stated, or to give his cause of action a name. The Court does that, and gives him the appropriate relief, not exceeding his demand."

Regarding the pleading in its proper light as an amended answer, the absolute right of the appellant to serve the same within the period provided by law has been many times adjudicated by this Court. *Sullivan v. Sullivan,* 24 S. C., 474; *Hall v. Woodward,* 30 S. C., 564, 9 S. E., 684; *Jennings v. Parr,* 54 S. C., 109, 32 S. E., 73; *McDaniel v. Monroe,* 63 S. C., 307, 41 S. E., 456; *Mallard Lumber Co. v. Carolina Portland Cement Co.,* 134 S. C., 228, 132 S. E., 614.

The amended answer having thus been served in due time, the defendant was entitled to prove his defense thereunder "without prejudice to the proceedings already had" (Section 435, Code of Civil Procedure 1922), and this Code limitation could have been given its full effect by the Circuit Judge, upon being apprised of the service of the amended answer, by remanding the case for the taking of such testimony as the appellant may have desired to present in response to the allegations of the answer.

It is well settled that, when the Court in an equity case refers the cause to the master or special referee to take the testimony and determine the issues of law and fact, he does not thereby relinquish any control over the conduct of the same. It is clearly within its power, and, when justice requires, it is its duty, even to reject the report and order the taking of additional testimony, or where, in its judgment, the nature of the case requires it, the Court has full power to take additional testimony without further reference. *Clayton v. Mitchell*, 31 S. C., 199, 9 S. E., 814, 10 S. E., 390; *Halk v. Stoddard*, 67 S. C., 147, 45 S. E., 140; *Ex parte Zeigler*, 88 S. C., 168, 70 S. E., 726; *Farmers' Bank v. Granite Co.*, 96 S. C., 106, 79 S. E., 985.

The contention of respondent that any right which the appellant may have had within the statutory period of twenty days to serve an amended answer was lost by reason of his failure to serve the same until after trial is sufficiently answered by our foregoing review and criticism of the record in this cause and the various steps in the proceedings relied on to constitute a trial.

Nor do we conclude that the fact that the amended answer may be inconsistent with the original answer deprives the appellant of the benefit of the former. It is well settled that the answer may contain separate and inconsistent defenses. *Millan v. Southern Railway Co.*, 54 S. C., 485, 32 S. E., 539; *Southern Cotton Oil Co. v. Bryant*, 136 S. C., 453, 134 S. E., 508. Had the matters contained in

the two answers been consolidated in a single answer and stated in the form of separate defenses, the pleading would have been free from legal objection on that ground, and we can see no reason why a different rule should prevail in regard to separate answers, served within the time allowed by law, and setting up inconsistent defenses if these answers may be so regarded.

The other questions presented, including a motion to strike out a transcript of certain affidavits incorporated in the brief of appellant, none of which appear in the transcript of record, and an appeal by appellant from an order settling the case, are wholly immaterial to the conclusions herein announced and need not be considered.

The judgment of this Court is that the judgment of the Circuit Court be, and the same is hereby reversed, and that the case be remanded for further proceedings in conformity therewith.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN and CARTER concur.

MR. ACTING ASSOCIATE JUSTICE SMITH did not participate.