# WELCH VS. WELCH.

Service of the subpoena, in a bill of divorce, by reading the same to the defendant, is not such a legal service as will bind him to appear to the suit: and it is error, on such service, to adjudge the defendant in default, and take the bill as confessed.

A decree *pro confesso* is not sufficient, without evidence to sustain the allegations of the complainant's bill, to authorize the court to decree relief from the bonds of matrimony.

*Appeal from the Circuit Court of Columbia County in Chancery.*

Hon. SHELTON WATSON, Circuit Judge.

CURRAN & GALLAGHER, for appellant. 1. Can a decree *pro confesso* be rendered in an application for a divorce, *a vinculo matrimonii*, without some proof being adduced in support of the allegations of the bill ? *Viser vs. Bertrand*, 14 *Ark.* 282.

2. Is a service of subpoena in chancery by reading, a sufficient service to warrant the rendering of a decree *pro confesso?* *Sec.* 10, *chap.* 28, *Digest.*

Mr. Justice SCOTT delivered the opinion of the Court.

This was a bill for divorce, filed in the Columbia Circuit Court, by the wife, against the husband, alleging wilful desertion for the space of more than one year, without reasonable cause, and praying relief by divorce, *a vinculo matrimonii*, and for maintenance and alimony, and for injunction. The subpoena was served upon the defendant, by reading the same to him at his place of abode; and upon this service a decree, *pro confesso*, was taken against him, and upon that, all the relief prayed by the

complainant below, was decreed to her, without any further testimony to sustain the allegations of her bill. At the next succeeding term of the court, within the time allowed by the statute, the defendant appeared and moved to set aside this decree, and all the orders made consequent upon it; and, upon oath, denying all the matters charged against him in the bill, offered to prove by witnesses then in court, that the proceeding was but a scheme to wrong and defraud him, and submitting that he was ready and willing to answer the bill. But the court overruled his motion, and he appealed to this court.

The service of the subpoena was insufficient. Under the provisions of the statute, (*chap.* 28, *sec.* 10,) it could have been served, properly, only by delivering a copy to the defendant, or by leaving one at his usual place of abode, with some free white person of his family, over the age of fifteen years, and informing such person of its contents.

Hence, it was error, under the facts of this case, as to the supposed service, to adjudge the defendant in default, and to take the complainant's bill as confessed against him.

But had this service been regular, the decree, *pro confesso,* was not sufficient, without evidence to sustain the allegations of the complainant's bill, to authorize the court to decree her the relief it did, from the bonds of matrimony; because the marriage contract in the language of one of the judges-of this court, in the case of *Viser vs. Bertrand,* 14 *Ark.,* at *p.* 282,) "unlike ordinary contracts of business, is one which the public, as well as the individuals contracting, is interested in preserving unbroken, unless for such causes as are specially set forth in the statute, and these causes must in fact exist, and must be shown to exist by evidence. No admissions of the defendant, whether by answer or by failure to answer, will supercede the necessity of proof of the truth of the allegations in the bill." And in the same case another one of the judges said (*id.,* *p.* 278): "The marital tie, although a civil contract, in the eye of the law, differs from all other civil contracts in one essential particular. The parties can never annul it

by means either direct or indirect. Hence, the inflexible rule of law that the confessions of either party are wholly incompetent as evidence. Nor does our statute, which directs that 'like process and proceedings shall be had in divorce cases, (*Digest*, *chap.* 58, *p.* 402, *sec.* 3,) as are had in other cases on the equity side of the court,' or in any other of its directions or provisions, in any way alter or modify this vital rule of evidence, touching the dissolution of the marital tie. Parties, by their mutual consent, if of proper age and capacity to receive the sanction of the law, may make the marriage tie, but they can never break it, according "to the rules of law, and the sound morals upon which they rest, by any express confessions, much less those implied by a default to answer a bill for divorce."

Adhering to these views, we hold that it was error to overrule the defendant's motion, and refuse him leave to answer.

The whole decree, therefore, in this case, is erroneous, and must be reversed, and the cause must be remanded to be proceeded with in accordance with law, and not inconsistent with this opinion.