Order for consolidation may be made accordingly.

## VAISVILA v. VAISVILA.
### No. 5418–A.

District Court of Alaska. First Division. Juneau.
Feb. 16, 1946.

William L. Paul, Jr., of Juneau, for plaintiff.

KEHOE, District Judge.

This is an action for an annulment of a marriage alleged to have taken place on September 23, 1942, on the grounds of fraud.

The plaintiff is a resident of Alaska. The defendant filed an appearance in the case but did not personally appear nor did he offer any testimony at the trial.

The evidence shows that after a courtship of approximately six months during which plaintiff became so well acquainted with defendant, observing his habits and way of living, particularly with reference to his drinking habits, that she determined he would be an acceptable husband. Immediately after the marriage defendant began drinking heavily, left the plaintiff alone at their residence, did not return until some hours later, and then appeared in such a drunken condition that the plaintiff was unable to talk to him. He remained in this condition for three days, during which plaintiff and defendant did not cohabit. Plaintiff finally left him and has ever since lived separate and apart from him.

Plaintiff contends that defendant fraudulently concealed from her that he was so addicted to the extreme use of alcoholic liquor that he was incapable of performing his marriage duties. The evidence however clearly shows that plaintiff knew defendant drank, but she testified that her observation of him over the period of their six-months' courtship convinced her that he could "hold his liquor". No testimony is adduced that defendant was under the influence of alcoholic drink at the time of the marriage ceremony. No evi-

48

dence is adduced that the defendant made any statements to the plaintiff with reference to his good character or his ability to perform the marital duties, or that the plaintiff relied upon any such statements by him before entering into the marriage.

The evidence in an action for annulment of the marriage contract on the grounds of fraud must be clear and convincing. Maduro v. Maduro, 62 Cal.App.2d 776, 145 P.2d 683.

Only in extreme cases may courts annul marriages on the ground of fraud. Harding v. Harding, 11 Wash.2d 138, 118 P.2d 789, and cases therein cited.

In an action of this nature it must appear that the consent of either party was obtained by fraud. Sec. 3986, Compiled Laws of Alaska 1933.

In this case the evidence is insufficient to convince the Court that the plaintiff's consent was obtained by fraud of the defendant. His wilful refusal to cohabit with plaintiff, if it was wilful, is not of itself sufficient proof of his intention to perpetrate a fraud upon her.

The Complaint will, therefore, be dismissed.

Judgment may be entered accordingly.