8741

### KNOX v. McKEE.

INJUNCTION.—A defendant who has permitted judgment to be obtained against him by default on a note for the purchase price of an automobile is not entitled to have its enforcement enjoined upon commencing an action against the plaintiff for defective part of the machine.

Before SHIPP, J., Newberry, September, 1913. Reversed.

Action by D. S. Knox against J. W. McKee. Defendant appeals.

*Mr. J. Moore Mars,* for appellant, cites: 4 Pom. Eq. Jur. 1361; 1 Hill 19.

*Mr. J. Frank Clinkscales,* contra, cites: 15 Ala. 501; 4 Conn. 297; 5 Del. Ch. 492; 68 Ga. 774; 31 Ga. 26; 76 Am. Dec. 681; 13 Ga. 140; 51 Ind. 365; 56 Fed. 756; 80 S. C. 243.

March 16, 1914.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.   This is an appeal from an order of injunction, issued by his Honor, Judge Shipp, at Newberry, S. C., on September 15, 1913, restraining the defendant-appellant from collecting a judgment obtained by him against plaintiff-respondent for $175 until further order of the Court.   The complaint in brief alleges that the defendant sued the plaintiff on two promissory notes given for the balance of purchase money of an automobile.   The plaintiff failed to answer that complaint and judgment was duly given and entered against him and execution issued.   The complaint alleges that Knox, the judgment debtor. had brought suit against McKee, the judgment creditor, for certain defective parts of the automobile in which he hopes to get judgment.   That this judgment he hopes to get should be set off against the judgment that McKee has obtained after McKee obtained his judgment against Knox.   Knox, after giving the required notice, moved before Judge Shipp to set the judgment aside and that he might be allowed to file an answer and contest the suit on the ground of surprise, inadvertence, and excusable neglect in failing to answer the summons and complaint.   This motion was refused by Judge Shipp, and no appeal taken from his order, but Knox then filed suit against McKee for $170, and gave notice that he would apply to Judge Shipp for an order of injunction.   Upon hearing this motion Judge Shipp granted the injunction asked for, and from this order of injunction McKee appeals and by seven exceptions alleges error on the part of his Honor and asks reversal of the same.   It is unnecessary to consider the exceptions separately, but it is

sufficient to say that the order of injunction appealed from must be reversed under the authority of *Life Insurance Co. v. Mobley,* 90 S. C. 554, 73 S. E. 1032. In this case Chief Justice Gary has collected and quoted the decisions and declares what the law is in such cases, and says: "The foregoing authorities show that it was the intention of the Constitution and the Legislature to abolish proceedings by petitions for rehearing and by bill of review and to substitute therefor the remedy provided by section 195 of the Code, which, when applicable, was intended to be exclusive."

Judgment reversed.