## 8995

### SOUTHERN COTTON OIL CO. v. LIGHTSEY.

(84 S. E. 301.)

PLEADINGE. VERIFICATION. APPEAL AND ERROR.

1. CORPORATIONS — PLEADING — VERIFICATION — SUFFICIENCY.—Code Civ. Proc. 1912, sec. 207, provides that verification must be to the effect that the pleading is true to the knowledge of the person making it, except when it is made on information and belief, and that, when a corporation is a party, the verification may be made by any officer thereof. In an action by a corporation the complaint was verified by the assistant district manager, who deposed that it was true of his own knowledge. *Held,* that as the Code does not limit the verification to any particular officer, the verification was sufficient.

2. PLEADING—VERIFICATION—NECESSITY.—Where the complaint was verified, plaintiff may, under Code Civ. Proc. 1912, sec. 206, providing that when any pleading is verified, every subsequent pleading except a demurrer must also be verified, return an unverified answer.

3. APPEAL AND ERROR—REVIEW—RECORD.—The refusal of the Court to permit defendant to file his answer cannot be reviewed; the record showing no motion for leave.

Before RICE, J., Hampton, June, 1914. Affirmed.

Action by the Southern Cotton Oil Company against W. Fred. Lightsey. From judgment for plaintiff, defendant appeals.

*Mr. B. R. Hiers,* for appellant, cites: Code Civil Proc., sec. 207; 10 Cyc. 923; 5 S. E. 478.

*Mr. H. L. O'Bannon,* for respondent, cites: Code Civil Proc., sec. 207; 9 Abb. 104; Voorhies N. Y. Ann. Code, sec. 157, p. 311; 206 Pa. St. 372; 133 N. Y. 270; 63 S. C. 186; Cook Corp. (5th ed.), sec. 719, p. 1791; 18 L. R. A. (N. S.) 683; 24 How. Pr. 92; 2 Waits Pr. 343; 14 S. C. 228; 81 S. E. 181.

FOOTNOTE.—See notes in 14 L. R. A. (N. S.) 1135 and 16 L. R. A. (N. S.) 703 as to forms of verification by corporation.

February 10, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The complaint herein was upon a promissory note, and was verified by J. W. Hohenstein, assistant district manager of the plaintiff, who swore that the complaint was true of his own knowledge. That the reason the verification was not made by the plaintiff in person, was that the plaintiff is a corporation, and the deponent is an officer thereof, to wit: its assistant district manager

The defendant served an unverified answer, in which he denied the allegations of the complaint, and stated therein that the answer was not verified, for the reason that the complaint was not sufficiently verified. That the proposed affidavit of verification was made by other person than party plaintiff, and failed to set forth therein his knowledge or grounds of belief on the subject.

The answer was promptly returned with the statement endorsed thereon, that it was returned because it was not verified.

Thereafter the plaintiff's attorney gave notive that he would make a motion for judgment by default; whereupon the defendant's attorneys gave notice of motion for an order, adjudging that the defendant had answered plaintiff's complaint:

1. Because defendant answered said complaint within twenty days from service.

2. Because complaint not being properly verified, defendant was at liberty to serve an unverified answer.

His Honor, the presiding Judge, sustained the plaintiff's motion, but refused the defendant's; whereupon the defendant appealed.

The first question for consideration is, whether there was error on the part of his Honor, the presiding Judge, in ruling that the complaint was properly verified.

Section 207 of the Code of Civil Procedure provides, that when a corporation is a party, the verification may be made by any officer thereof. The assistant district manager swore that he was an officer of the plaintiff corporation.

The section of the Code is very broad in its language, and does not limit the right of verification to any particular officer. The officer who verified the complaint stated that its allegations were true of his own knowledge. The complaint was therefore properly verified.

Section 206 of the Code of Civil Procedure provides, that when any pleading is verified, every subsequent pleading, except a demurrer, must be verified also. Therefore, as the complaint was verified, the defendant's answer was properly returned for want of verification.

The remaining question is whether there was error on the part of his Honor, the Circuit Judge, in abusing his discretion, by refusing to permit the defendant to file his answer.

In the first place, the record does not disclose the fact that there was a motion for leave to answer. But apart from that fact, there is nothing in the record showing that the defendant was entitled to such right.

Judgment affirmed.