16864

BROCK v. BROCK
(81 S. E. (2d) 898)

262

*Messrs. Harris & Harris,* of Anderson, *for Appellant,*

*John M. Schofield, Esq.,* of Walhalla, *for Respondent,*

May 5, 1954.

TAYLOR, Justice.

This appeal arises out of an order of the Circuit Court setting aside and vacating a judgment of that court.

Appellant instituted this action in the Court of Common Pleas for Oconee County wherein she sought a divorce upon the grounds of adultery, habitual drunkenness and cruelty and asked that she be paid alimony, *pendente lite,* and permanent alimony as well as counsel fees. At the time she served a notice of motion requiring respondent to appear and

show cause why he should not be required to pay counsel fees *pendente lite.*

Respondent failed to answer or make appearance and Judge Pruitt issued his order dated December 30, 1952, requiring respondent to pay $150.00 attorney's fees within ten days. This he failed to do and by order of January 17, 1953, was required to show cause why he should not be adjudged in contempt of court. Respondent again failed to appear and Judge Pruitt issued his order dated January 24, 1953, wherein respondent was adjudged guilty of contempt of court and ordered his arrest and detention until such time as he should purge himself of the contempt charge. He was arrested January 27, 1953, at which time he paid the $150.00 attorney's fees and was released. Respondent made no appearance or answer and was in default in the matter which was referred to the Probate Judge of Oconee County as Special Referee, who, on July 2, 1953, issued his decree in which he recommended that the divorce be granted and respondent be required to make a lump sum as well as periodic payments of alimony. On July 3, 1953, Judge Pruitt issued his order granting the divorce and alimony and entered judgment in accordance with the findings and recommendations of the Special Referee. Respondent thereafter served notice of motion to vacate the judgment and Judge Pruitt after a hearing issued his order vacating and setting aside the decree and judgment and permitted defendant's cross-action to be continued. Under this decree, respondent was to pay appellant's attorney $150.00 which was complied with August 12, 1953, and plaintiff appeals.

Under the view we take of this case, the order setting aside and vacating the judgment must be reversed.

Section 10–1213, South Carolina Code of Laws for 1952, provides:

"The court may, in its discretion and upon such terms as may be just, at any time within one year after notice thereof relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvert-

ence, surprise or excusable neglect and may supply an omission in any proceeding. And whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code the court may, in like manner and upon like terms, permit an amendment of such proceeding so as to make it conformable thereto."

The foregoing section is an exclusive remedy and takes the place of a petition for rehearing or a bill of review, *Carolina Nat. Bank v. Homestead Bldg., etc., Ass'n,* 56 S. C. 12, 33 S. E. 781; *Knox v. McKee,* 96 S. C. 418, 81 S. E. 12; *New York Life Ins. Co. v. Mobley,* 90 S. C. 552, 73 S. E. 1032.

Respondent filed the following affidavit in support of his motion for relief of the judgment entered:

"Personally appeared before me Frank Brock, who first being duly sworn does depose and state; I am the Defendant in the above entitled action, that the Summons and Complaint in this case were served upon me on the 23rd day of December, 1952, that subsequent to the serving of the Summons and Complaint some kind of papers were served upon me by E. D. Weathers, Oconee County Sheriff and I was required to pay either $165.00 or $265.00 although there is no record on the judgment roll in the Office of the Clerk of Court for Oconee County designated as judgment roll No. 6887 about that particular proceeding.

"And that immediately before this the Plaintiff's son by a previous marriage died and the parties hereto became reconciled and were living together as husband and wife when the payment hereinabove referred to was made and that they continued to live together as husband and wife until sometime in May of 1953, that during this time the Plaintiff informed the Defendant that this action had been dropped and the Defendant depending upon this statement that it had been dropped and further upon the fact that their living together as husband and wife after a divorce had been commenced ends the divorce action as a matter of law the Defendant herein did not answer said action.

"That subsequent thereto the Plaintiff herein took a peace warrant against the Defendant and that a trial on the peace warrant was heard before Hon. T. C. Peden, Magistrate of Westminster, Oconee, South Carolina, on the 18th day of June, 1953, and that the Plaintiff's counsel, Leon W. Harris, appeared on behalf of the state at that trial and that the Plaintiff testified at the trial in the presence of Hon. T. C. Peden, Leon W. Harris and others that she had lived with the Defendant as husband and wife until May 1953.

"That the Defendant was without any knowledge that a hearing was held or was to be held and nothing in the record shows when a hearing before a Special Referee was held and that although the report of the Special Referee states that the testimony is attached thereto there is no testimony in the file or the judgment roll, that the Plaintiff, by necessity, obtained a divorce in this case either through fraud or perjury and that this affidavit is made in support of a motion to set aside said decree, to allow the Defendant to answer, and that this case and a divorce case filed by the Plaintiff against the Defendant under the date of June 18, 1953, be combined and tried simultaneously."

An examination of the foregoing affidavit reveals that it is wholly insufficient, in the opinion of this Court, to meet the requirements for relief as set forth in Section 10–1213 to the effect that such judgment was entered against him through mistake, inadvertence, surprise or excusable neglect. On the contrary, respondent completely disregarded all proceedings and treated them with such contempt that he was ordered arrested and incarcerated for such time as he might purge himself of the contempt charge. Nothing was done which could in anywise mislead respondent or keep him in ignorance of his rights in the premises and if perchance he was misled, which we doubt very much, it was due to his own fault for which the law provides no remedy, *Woodward v. Elliott*, 27 S. C. 368, 3 S. E. 477. The affidavit not only fails to support respondent's contention that the judgment was entered through mis-

take, inadvertence, surprise or excusable neglect, but it reveals that respondent failed to exercise the slightest care. Therefore, there was a lack of due diligence as required by law, *Lowry v. Atlantic Coast Line R. Co.*, 92 S. C. 33, 75 S. E. 278, and this Court has held that one who is willfully or inexcusably in default deserves no consideration from the Court, *Savage v. Cannon*, 204 S. C. 473, 30 S. E. (2d) 70.

While a motion to vacate and set aside a judgment comes within the sound discretion of the Judge and his ruling will not be disturbed upon appeal unless it is clearly shown that there is an abuse of such discretion, *Pruitte v. Burns*, 212 S. C. 325, 47 S. E. (2d) 785, we are of the opinion that the showing made here, being insufficient to meet the requirements set forth in Section 10–1213 of the 1952 Code of Laws for South Carolina, the Court, in setting aside and vacating the judgment, abused its discretion and thereby committed error of law.

We are therefore of the opinion that the order appealed from should be reversed and it is so ordered.

STUKES and OXNER, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.

BAKER, C. J., not participating.