17469

Samuel Alexander GRANT, Respondent, v. Priscilla M. GRANT, Appellant

(105 S. E. (2d) 523)

434

*Arthur W. Holler, Jr., Esq.,* of Myrtle Beach, *for Appellant,*

*Messrs. Long & Long,* of Myrtle Beach, *for Respondent,*

October 30, 1958.

OXNER, Justice.

This is an appeal from an order of the Civil Court of Horry County refusing a motion by defendant to vacate a

default judgment of divorce upon the ground that the default was occasioned by mistake and excusable neglect on the part of her attorneys. The motion was made under Section 10-1213 of the 1952 Code which permits the Court, in its discretion, at any time within one year after notice thereof, to "relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

Plaintiff and defendant were married in the State of Connecticut on November 2, 1953. They later separated and on December 17, 1955, plaintiff, who was then in the Air Force, was transferred to Myrtle Beach, South Carolina. Defendant continued to reside in Connecticut. No children were born of this union. On December 30, 1956, plaintiff instituted this action for divorce upon the ground of desertion. The summons and complaint were personally served upon the defendant at her home in Hartford, Connecticut, on February 5, 1957. She promptly employed Hartford attorneys to represent her. On February 15, 1957, these attorneys wrote plaintiff's attorneys at Myrtle Beach, South Carolina, stating that they had been employed by defendant, were investigating the matter, and that they "would appreciate it if you would be kind enough to delay moving for a default until we have had a full opportunity to determine our client's legal position." On February 18th they also wrote to the Clerk of Court of Horry County enclosing a copy of the letter written to plaintiff's counsel and stating that to enable them to make a full investigation and determine the proper course to pursue, they "would appreciate it if the Court, in its discretion, would grant us a reasonable delay in the matter." Although both of these letters reached the addresses in due course, no reply was made. The Hartford attorney handling the matter states in his affidavit that under the circumstances, "he assumed that the request for extension was satisfactory to the attorneys for the plaintiff and thereafter proceeded to investigate the matter."

On March 19, 1957, an affidavit of default was filed by plaintiff's counsel and, without notice to defendant, the case was heard and testimony taken on March 20th. At the commencement of the hearing plaintiff's counsel called the Court's attention to the letter of February 15th received from the Hartford attorneys. The trial Judge states that he concluded "that the letter was not a general appearance, but was only a request for a delay in moving for a default in the case" and that "a sufficient delay had been granted." He accordingly allowed the case to go to trial by default. A decree of divorce on the ground of desertion was thereafter signed on March 30th and filed in the office of the Clerk of Court on April 5, 1957.

On May 7, 1957, the Hartford attorneys wrote the attorneys for plaintiff that they were convinced from their investigation that their client had a valid defense and had turned the matter over to local counsel who would contact them shortly. This local attorney, in examining the court records, discovered on June 6, 1957 that a decree by default had already been obtained. However, nothing was done about the matter until the latter part of November, 1957 when defendant's counsel filed a petition and made a motion to vacate the default judgment upon the ground of excusable neglect. In the meantime, the plaintiff remarried on August 4, 1957 and is now living with his second wife. The motion to vacate was heard in due course on affidavits and refused on December 20, 1957.

In a number of jurisdictions statutes, authorizing relief from a judgment, order or other proceeding taken against a party through his mistake, inadvertence, surprise or excusable neglect have been applied to divorce decrees taken by default. Annotation 22 A. L. R. (2d) at page 1315; 17 Am. Jur., Divorce and Separation, Section 494. Our statute was so applied in *Brock v. Brock,* 225 S. C. 261, 81 S. E. (2d) 898.

In a controversy relating to marriage the Court is ██ concerned not only with the rights of the individuals involved but also with the public interest. A duty rests upon the Court to encourage the parties to live together, to see that the marriage status is not disturbed except under circumstances and for causes fully sanctioned by law, and to prevent fraudulent and collusive divorces. *Fogel v. McDonald,* 159 S. C. 506, 157 S. E. 830; *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330, 15 A. L. R. (2d) 163. Accordingly, a judgment by default is not favored in divorce suits and will be set aside more readily than default judgments in other actions. 27 C. J. S. Divorce § 166, page 800. In *Foxwell v. Foxwell,* 122 Md. 263, 89 A. 494, 497, the Court said: "In divorce proceedings, which are often not contested, and where collusion may exist between the parties, the public has a peculiar interest which * * * 'is in the care of the tribunal before which the proceedings are pending, and it will be astute in enforcing the policies and principles of the law, lest, by the suppression or perversion of important facts it may be made the medium of obtaining a decree to which neither of the parties is justly or legally entitled.' "

It is equally well settled that a party seeking to set █ aside a divorce decree may be barred by laches where he does not act diligently in seeking relief and innocent third parties have acquired rights by or through marriage in the meantime. 17 Am. Jur., Divorce and Separation, Section 519. While the remarriage of the spouse who obtained a divorce is not of itself a sufficient reason for denying relief to the other spouse in a proceeding to have the decree vacated, it is an important factor to be taken into consideration in determining whether or not relief should be granted. The weight to be given such factor depends upon the circumstances of the particular case. *Swift v. Swift,* 239 Iowa 62, 29 N. W. (2d) 535; *Bussey v. Bussey,* 93 N. H. 349, 64 A. (2d) 4, 12 A. L. R. (2d) 151; *Shammas v. Shammas,* 9 N. J. 321, 88 A. (2d) 204; Annotation 12 A. L. R. (2d)

153. In *Swift v. Swift, supra,* the Court said [29 N. W. (2d) 539]:

"It is true the mere fact of plaintiff's remarriage does not prevent the court from setting aside the divorce. A party who procures a void divorce cannot by his own act in marrying again prevent the court from setting aside the decree. However, plaintiff's new marriage is an important consideration in determining whether the decree should be vacated. Courts are disposed to protect an innocent third person who has married a divorced spouse, also to protect possible issue of such marriage, and manifest reluctance to set aside the divorce."

"Mere delay in the action taken by defendant does not amount to laches unless prejudice has resulted therefrom. * * * The safety of society demands that one who seeks to overthrow an apparently valid decree of divorce should proceed with the utmost promptness upon discovery of facts claimed to show its invalidity. He should apprehend that one who has secured such a divorce may endeavor to marry again, thus entangling some innocent person in intolerable difficulties, should the divorce be afterwards annulled."

We have repeatedly held that a motion to vacate or set aside a default judgment under Section 10-1213 is addressed to the sound discretion of the Judge who hears it and that his conclusion will not be disturbed by this Court in the absence of a clear showing of abuse of discretion. Among the more recent cases to that effect are: *Marthers v. Hurst,* 226 S. C. 621, 86 S. E. (2d) 581; *Royal-Liverpool Insurance Group v. McCarthy,* 229 S. C. 72, 91 S. E. (2d) 881; *Ward v. Miller,* 230 S. C. 288, 95 S. E. (2d) 482; *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391.

We shall now consider whether in the light of the foregoing principles there was a manifest abuse of discretion in refusing to vacate the default judgment rendered against the defendant. If the motion to vacate had been promptly made after learning of the default judgment,

the question presented would be a close one, particularly in view of the fact that this is a divorce action. See *Zani v. Zani,* 325 Mass. 134, 89 N. E. (2d) 342. Defendant made a prima facie showing of a meritorious defense. It is undisputed that upon being served with the summons and complaint, she promptly engaged counsel at Hartford, Connecticut, who apparently through unfamiliarity with our practice mistakenly assumed that they had been granted an extension of time in which to plead. Assuming up to this point there was excusable neglect, there are other material circumstances to be considered.

Although defendant's counsel learned of the default judgment on June 6, 1957, no motion was made to seek relief until almost six months later and, in the meantime, plaintiff remarried on August 4th. The record contains no satisfactory explanation of this delay. It may have been due to circumstances beyond control of counsel. But be that as it may, there intervened the rights of the second spouse who, so far as the record discloses, is an innocent third party.* She had every right to assume that plaintiff had been lawfully divorced. An examination of the record in the Clerk's office would have disclosed no defect. To have vacated the divorce would have been, in effect, a judicial determination that this second spouse lived in a state of adultery with plaintiff.

It is argued that laches cannot be invoked to bar relief under Section 10-1213 if the motion is made within one year as prescribed by this section, even though there was inexcusable and prejudicial delay in making the motion. We find no case sustaining this view. It was held otherwise in *Alexander v. Hutchins,* 158 Minn. 391, 197 N. W. 754. Our case of *Le Conte v. Irwin,* 19 S. C. 554, strongly relied on by defendant, does not sustain her contention.

---

* No question is raised in this case as to the necessity of making the second spouse a party to this proceeding or whether she was entitled to notice of same. On this question see Annotation 12 A. L. R. (2d) at page 171.

Under all the circumstances, we cannot say the refusal of defendant's motion constituted a manifest abuse of discretion.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.