17583

Tom H. HOLLIDAY, Appellant, v. Benice B. HOLLIDAY,
Respondent

(111 S. E. (2d) 205)

*J. E. Belser, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Theodore W. Law, Jr.,* and *Henry W. Kirkland,* of Columiba, *for Respondent,*

*J. E. Belser, Jr., Esq.,* of Columbia, *for Appellant, in Reply.*

November 11, 1959.

STUKES,, Chief Justice.

In this action for divorce the defendant was allowed to answer after default and the plaintiff appeals.

It appears from allegations of the complaint, which was served with summons on Nov. 6, 1958, that the parties were married in 1942 and lived together, last in Richland County, until September 20, 1958 when the wife, defendant, left and went to Darlington County, carrying their children, daughters who are fourteen and eleven years old. Decree of divorce was demanded upon the ground of desertion and exclusive custody of the children by the plaintiff was prayed.

From other portions of the record it appears that the instant defendant, now respondent, had previously brought an action, as plaintiff, against the instant plaintiff in the Civil

and Criminal Court of Darlington for separate maintenance and support of herself and children. Upon special appearance by the defendant in that action (the instant plaintiff) it was dismissed for lack of jurisdiction. Thereafter, on the very date of the commencement of this action in the Court of Common Pleas of Richland County the defendant here brought an action against plaintiff in the Richland County Court for separate maintenance and support of herself and children, further reference to which will be later made.

The instant defendant failed to timely appear or answer the complaint in this action and it was referred to the master. Reference was held on January 27, 1959. He took testimony, only part of which is in the record, and made his report dated January 29, in which he found that the defendant had deserted the plaintiff, recommended that he be granted a divorce on that ground; that the plaintiff is furnishing reasonable support for his children and no order thereabout is necessary; nor should the custody of the children be now adjudicated.

Upon the day of the date of the master's report defendant moved before the presiding circuit judge for leave to answer, to which plaintiff filed a written return on the next day. The motion was promptly heard by Judge Lewis whose order, dated February 5, 1959, granted the defendant leave to answer and again referred the case to the master. The order cited the pending action in the Richland County Court which involved the same issues and in which a temporary order had been issued, that rights of minor children are involved and concluded that the ends of justice would be best served by litigation of the matter in the Court of Common Pleas. It is from this order that this appeal comes. The antecedent proceedings in this action will be reviewed hereinafter.

Simultaneously with the commencement of the action at hand the defendant herein instituted action against the plaintiff herein in the Richland County Court, which has been referred to hereinabove, for separate maintenance and sup-

port and a rule to show cause was issued. The defendant in the County Court action (the plaintiff here) made return in which was included the fact that the instant action had been brought in the Court of Common Pleas. After contested hearing on Nov. 20, 1958 upon the rule to show cause, the Judge of the County Court passed his order *pendente lite* dated December 17, 1958, whereby he ordered, *inter alia,* the defendant in that action, who is the plaintiff here, to pay the sum of $200.00 per month for support of his wife and children and maintain certain insurance policies on the children, and also $100.00 attorney's fee. The record does not disclose what, if anything, has since transpired in that action.

The motion for leave to answer in the instant action was upon the grounds that the attorney for the plaintiff knew of the representation of the defendant by the moving counsel and without notice to the defendant or her counsel proceeded in the instant action to the hearing before the master; and plaintiff's attorney had appeared in behalf of his client, then defendant, in the pending County Court action at the hearing upon the motion for temporary support, when the order therefor, above mentioned, was rendered; the attorneys had been negotiating toward a property settlement between the parties; the defendant has a meritorious defense to the cause of action alleged in the complaint; and the custody of the minor children is involved, in whose best interests the defendant should be fully heard.

Appellant's written reply or return to the motion, supported by affidavit of his counsel, made no issue of fact except that the negotiations between the counsel were not for a property settlement but concerned respondent's demand for $200.00 per month support which appellant, through counsel, eventually refused. The return also contained denial that respondent has any defense to, quoting, "the allegations contained in the complaint," the error of which will be later herein adverted to.

Appellant's several exceptions need not, and will not, be separately discussed. The questions made by them will be disposed of in what will be said.

Section 10-609 of the Code of 1952 follows: "The Court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code or by an order enlarge such time." That statute governs here. Section 10-1213 authorizes similar relief within one year after notice, quoting from the statute, "from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect," etc. And the same principles govern this Court's review of Circuit Court orders under both of these statutes. *Simon v. Flowers,* 231 S. C. 545, 99 S. E. 2d 391. Reversible error exists (1) when the Circuit Judge, in rendering the order, was controlled by some error of law; or (2) where the order was based upon factual considerations which were without adequate evidentiary support. *Ibid.* Either will constitute abuse of the discretion which is vested in the Circuit Judge. Appellant relies in argument upon the *Simon case, supra,* although it affirmed the refusal of a motion to open a default judgment.

"Excusable" neglect to timely answer the complaint in this action may be inferred from the pendency of the action in the County Court, the appearance of both counsel and issuance of order *pendente lite* in it, the protracted negotiations between counsel for a support settlement and the haste with which the action was pressed, although the latter met the minimum requirements of the statute, Code, Sec. 20-108. It was within the discretion of the court to so conclude and we think that, under all of the circumstances, it was a proper exercise of discretion.

Appellant challenges the statement in the written motion for leave to answer that meritorious defense exists. However, such was evident upon the face of the

complaint which was dated and served on November 6, 1958. It was alleged as the sole ground for divorce that the respondent had deserted the appellant on September 20, 1958. The statute requires for that ground of divorce desertion for a period of one year. Code, Sec. 20-101. In his reply brief appellant attacks the validity of the statute upon the ground that the constitution authorizes as a ground for divorce desertion, without prescribing its duration, so that the statute is void because in violation of the constitutional provision. Constitution of 1895, Art. 17, Sec. 3. There was no adjudication of this question in the lower court and it appears not to have been raised there. Therefore, it will not be considered on appeal. *Simon v. Flowers, supra.* Desertion as a ground of divorce, and the duration of it which is required by the various States, is discussed in S. C. Law Quarterly 265.

The appellant further attacks the order of Judge Lewis with respect to the factual findings in it: First, that the same issues as here are involved in the County Court action in which a temporary order has been entered. It is argued that the County Court action was for legal separation while that at hand is for divorce. However, the facts necessary for the plaintiff (respondent here) to prevail in the County Court action would no doubt be relevant in her defense of the instant action for divorce. Certainly if appellant should be able to prevail in his action for divorce the respondent could not in her County Court action for separation and maintenance. The issues are, at least, overlapping and it was not material or prejudicial error to refer to them as the same. They all relate to the marital rights and responsibilities of the parties. Furthermore, in appellant's return to the rule to show cause in the County Court action it was alleged, according to the testimony or statement of his counsel before the master in the instant action, as follows, quoting from the record:

"The issues before that Court (the County Court) are properly before the Court of Common Pleas for Richland County and properly determinable therein. We asked in that

action that all the issues before the County Court be determined in the Common Pleas Court action, which was for a greater relief, being for a divorce rather than separation."

That would seem to sufficiently answer appellant's present criticism of Judge Lewis' order in that particular.

It also answers appellant's other attack upon the factual findings in the order under review, which is that the rights of the children are involved. In the County Court action the respondent seeks the support and custody of the children, and obtained an order *pendente lite* therefor, as has been seen. In his complaint in the action in hand appellant prays the custody of the children. In his report the master found that appellant had continued to furnish reasonable support for them and concluded that no order of the court requiring support (or relating to custody) is necessary, and recommended that the questions be left open for future determination in an appropriate action. Of course, the master's report is merely a recommendation to the court but it would leave the rights of the children entirely without protection. It is a truism that the children of broken homes are usually the principal sufferers and the courts are zealous to protect their interests. The court did not err when it concluded that the rights of the children are involved in both prongs of this unfortunate litigation between their parents.

The order under appeal indicates that Judge Lewis was influenced by the nature of the case, and properly so. Society is concerned with the purity and preservation of the marriage relation. Defaults in divorce actions are more readily opened than in other cases. The following is from the opinion in the recent case of *Grant v. Grant,* 233 S. C. 433, 437, 105 S. E. 2d 523, 525.

"In a controversy relating to marriage the Court is concerned not only with the rights of the individuals involved but also with the public interest. A duty rests upon the Court to encourage the parties to live together, to see that the marriage status is not disturbed except

under circumstances and for causes fully sanctioned by law and to prevent fraudulent and collusive divorces. *Fogel v. McDonald,* 159 S. C. 506, 157 S. E. 830; *Brown v. Brown,* 215 S. C. 502, 56 S. E. 2d 330, 15 A. L. R. 2d 163. Accordingly, a judgment by default is not favored in divorce suits and will be set aside more readily than default judgments in other actions. 27A C. J. S. Divorce § 166, p. 645. In *Foxwell v. Foxwell,* 122 Md. 263, 89 A. 494, 497, the Court said: 'In divorce proceedings, which are often not contested, and where collusion may exist between the parties, the public has a peculiar interest which * * * "is in the care of the tribunal before which the proceedings are pending, and it will be astute in enforcing the policies and principles of the law, lest, by the suppression or perversion of important facts it may be made the medium of obtaining a decree to which neither of the parties is justly or legally entitled." ' "

And from *Brown v. Brown, supra,* 215 S. C. 502, 507, 56 S. E. 2d 330, 333, 15 A. L. R. 2d 163, which was the first case to reach this court under our present divorce laws, the following is quoted:

"It is generally recognized that the public policy relating to marriage is to foster and protect it, to make it a permanent and public institution, to encourage the parties to live together, and to prevent separation. This policy finds expression in probably every state in this country in legislative enactments designed to prevent the sundering of the marriage ties for slight and trivial causes, or in any case except on a full and satisfactory proof of such facts as the legislature has declared to be cause for divorce. Such provisions find their justification only in this well-recognized interest of the state in the permanency of the marriage relation. 17 Am. Jur., Sec. 12, Page 154. As said in *Maynard v. Hill,* 125 U. S. 190, 8 S. Ct. 723, 729, 31 L. Ed. 654: 'Other contracts may be modified, restricted, or enlarged, or entirely released upon the consent of the parties. Not so with marriage. The relation once formed, the law steps in and holds the parties to various obligations and liabilities. It is an institution, in the

maintenance of which in its purity the public is deeply interested, for it is the foundation of the family and of society, without which there would be neither civilization nor progress.' "

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.