## 17645

Wilfred DAVIS, Appellant, v. Doris DAVIS, Respondent

(113 S. E. (2d) 819)

*Messrs. Stuckey & Stuckey,* of Bishopville, *for Appellant,*

*Messrs. Baskin & Cothran,* of Bishopville, *for Respondent,*

*Messrs. Stuckey & Stuckey,* of Bishopville, *for Appellant, in Reply,*

April 14, 1960.

STUKES, Chief Justice.

This is an appeal from an order vacating a default judgment for divorce and permitting the defendant therein, now respondent, to amend her answer or otherwise plead to the complaint.

The latter is usual in form for divorce upon the ground of desertion. It alleged that the parties were married in June 1947, a son was born in September 1953, and on or about January 1, 1957 respondent, without just cause or excuse, deserted appellant, since which time they have not lived together as husband and wife; further that the parties agreed that appellant should pay to respondent $40.00 per month for the support of their child until it should become six years old when the monthly payments should be increased to $60.00, and that respondent should have custody of the child with the right of visitation by appellant.

In the office of the attorney who brought the divorce action for appellant the respondent signed an answer to the complaint in which she admitted the allegations of it and joined in prayer for divorce. However, this answer was not filed in the court and the attorney averred in the proceeding

at hand that it was not intended as an answer, although so denominated, but as a "statement", that before it was signed by respondent it was read and explained to her in the presence of a witness. Instead of filing the answer, and contradictory of the existence of it, the attorney made affidavit to the court that the respondent was in default, without, however, the usual averment that she had failed to answer or appear. Inconsistently, the ensuing order of reference recited that respondent in her Answer had admitted the allegations of the complaint. The master took the testimony of appellant and two other witnesses, apparently in the form of affidavits and without questions and answers or cross examination, which substantiated the allegations of the complaint, and he reported to the court and recommended decree of divorce in accord with it. The report contained the following recital: "The defendant is in default, having failed to answer, demur, or give notice of appearance as required by the Statute of this State, * * *." Decree followed, dated July 16, 1958, and was filed on July 29. Contrary to the order of reference and consonant with the report of the master, it recited that respondent was in default. There was no notice to respondent of the application for the order of reference, or of the motion or application for the judgment, or of the filing of it.

The petition to vacate the decree was served on October 3, 1959, and was heard by the resident Circuit Judge who had granted the order of reference and decree. The petition was verified and also supported by the separate affidavit of respondent and by the affidavits of others, including the wife of a brother of appellant. They established, *prima facie,* that in fact respondent had not deserted appellant and on the contrary that they had lived together as husband and wife, except for brief interval or intervals of separation, until the very night before the commencement of the action; that appellant assured respondent after the divorce action had been commenced, that it had been "dropped", after which they lived together until July 8, 1958; the

affidavit of default and the order of reference were dated at times when appellant and respondent were living together. (Appellant's alleged statement to respondent during the pendency of the action that it had been "dropped" is not a valid ground for vacation of the judgment. *Brock v. Brock,* 225 S. C. 261, 81 S. E. (2d) 898.) Appellant submitted counter affidavits which were in conflict with those submitted by respondent.

The lower court held that the divorce proceeding was fatally irregular for lack of notice to appellant, who had answered, of application for the order of reference, notice of the reference and the application for the decree. Other grounds for vacation of the judgment were also upheld but we need not, and shall not, pass upon them. The order will be affirmed upon the ground just stated. Respondent may have moved to amend her answer during the progress of the action if she had been given the usual notices of such and opportunity to so move. She has followed the proper procedure to vacate the judgment. See the leading case of *Crocker v. Allen,* 34 S. C. 452, 13 S. E. 650, 27 Am. St. Rep. 831, and the many subsequent decisions in which it has been cited and followed.

Many questions are presented by the exceptions and argued in the brief of appellant. Only those will be discussed which relate to the ground upon which we sustain the order. It should be said, in the first place, that the relief here granted is not dependent upon statute, Sec. 10-1213 of the Code of 1952, which provides for relief from a judgment for mistake, etc., within a period of one year. The "Mistake" here was on the part of appellant and his counsel rather than respondent, the movant, in retaining and not filing respondent's answer, and in representing to the court that she was in default. This reasonably may be held to have been extrinsic fraud upon her and upon the court. Cf. *Bryan v. Bryan,* 220 S. C. 164, 66 S. E. (2d) 609. We add that the record indicates that it was a *bona fide* mistake of counsel and, therefore, constructive, rather than actual, fraud. He seems

to have simply misapprehended the effect of the interposition of the answer. Other attorneys have represented appellant in the present proceeding and appeal.

The following is from 17 Am. Jur. 594, Divorce and Separation, Sec. 494: "A wife whose attorney, without authority and in violation of his duty, has refused to file or has withdrawn her answer and suffered a judgment to be taken against her by default in her husband's divorce suit, has a legal right to have the decree set aside and the case opened for defense, upon her motion, promptly made, for that relief." *Nichells v. Nichells,* 5 N. D. 125, 64 N. W. 73, 33 L. R. A. 515, 57 Am. St. Rep. 540. Annotation, L. R. A. 1917B, 464.

Appellant contends that the answer of respondent was a nullity because it was not verified, whereas the complaint was verified. Code Sec. 10-603. But it was accepted and retained by his counsel; indeed, it was prepared by him. This constituted waiver of the absence of verification. Cf. *Southern Cotton Oil Co. v. Lightsey,* 100 S. C. 41, 84 S. E. 301.

Reliance is had upon the authority of *Brock v. Brock, supra,* 225 S. C. 261, 81 S. E. (2d) 898, 900, which is a somewhat similar case to this and of opposite result, but there are important differences which distinguish it. The motion to open there was under Code Sec. 10-1213 and no mistake, inadvertence, surprise or excusable neglect appeared but, quoting from the opinion, "on the contrary, respondent completely disregarded all proceedings and treated them with such contempt that he was ordered arrested and incarcerated for such time as he might purge himself of the contempt charge. Nothing was done which could in anywise mislead respondent or keep him in ignorance of his rights * * *." In the case at bar appellant's counsel had respondent sign an answer which he did not file. She was married at seventeen and, inferably, easily imposed upon. Although having answered, as said above she was given no notice of the

motion for order of reference, of the reference itself, of the report of the master or, finally, of the motion for judgment or the filing of the latter. She avers that she was not aware of the decree until a few weeks before the motion was made in her behalf which resulted in the order under appeal. Upon learning for the first time of the decree she employed independent counsel who proceeded promptly. Thus no lack of diligence on her part appears.

Although unnecessary because of the limited scope ■ of this decision we note that as in *Holliday v. Holiday,* S. C., 111 S. E. (2d) 205, 209, appellant attacks the constitutionality of Code Sec. 20-101, which requires desertion for a period of one year to constitute ground for divorce. The point is not available to appellant for the reason stated in the *Holliday case,* as follows: "In his reply brief appellant attacks the validity of the statute upon the ground that the constitution authorizes as a ground for divorce desertion, without prescribing its duration, so that the statute is void because in violation of the constitutional provision. Constitution of 1895, Art. 17, Sec. 3. There was no adjudication of this question in the lower court and it appears not to have been raised there. Therefore, it will not be considered on appeal." Incidentally, this contention of appellant would seem to concede that the statutory ground of desertion for one year did not exist in this case; but that will be for trial hereafter if made an issue.

Another position of appellant is that respondent is ■ estopped to attack the decree of divorce by reason of benefits which she has received under it for over a year; but under the apparent facts of the case there was no benefit to her, unless it was separation from appellant, which argument he has not advanced. On the contrary, she was deprived of support, if she was entitled to it as a wife ordinarily is. The requirement of modest support of his child added nothing to appellant's liability therefor under the law. Moreover it appears that appellant had been making

the monthly payments of child-support before the divorce decree, which merely provided for the continuance of them.

· Appropriate here is the following quotation from · 6 *Holliday v. Holliday, supra,* S. C., 111 S. E. (2d) 205, 209: "The order under appeal indicates that Judge Lewis (here Judge McFaddin) was influenced by the nature of the case, and properly so. Society is concerned with the purity and preservation of the marriage relation. Defaults in· divorce actions are more readily opened than in other cases. The following is from the opinion in the recent case of *Grant v. Grant,* 233 S. C. 433, 437, 105· S. E. (2d) 523, 525. 'In a controversy relating to marriage the Court is concerned not only with the rights of the individuals involved but also with the public interest. A duty rests upon the Court to encourage the parties to live together, to see that the marriage status is not disturbed except under circumstances and for causes fully sanctioned by law, and to prevent fraudulent and collusive divorces. *Fogel v. McDonald,* 159 S. C. 506, 157 S. E. 830; *Brown v. Brown,* 215 S. C..502, 56 S. E. (2d) 330, 15 A. L. R. (2d) 163. Accordingly, a judgment by default is not favored in divorce suits and ,will be set aside more readily than default judgments in other actions. 27 A. C. J. S., Divorce, § 166, p. 645. In *Foxwell v. Foxwell,* 122 Md. 263, 89 A. 494, 497, the Court said: "In divorce proceedings, which are often not contested, and where collusion may exist between the parties, the public has a peculiar interest which * * * 'is in the care of .the tribunal before which the proceedings are pending and it will be astute in enforcing the policies and principles of ·the law, lest, by the suppression or perversion of important facts it may be made the medium of obtaining a decree ·to which neither of the parties is justly or legally entitled'."

· A further consideration is the fact that the right of no innocent third party has intervened here, such as re-marriage of appellant might have caused, except that he has executed a mortgage of real estate since the divorce was granted,

without renunciation of dower; however, respondent has agreed to renounce dower upon the mortgage. Cf. *Grant v. Grant, supra,* 233 S. C. 433, 105 S. E. (2d) 523.

Because it is not expressly raised on the record we have not examined, and make no finding upon, the propriety of the undertaking of the original counsel to represent both plaintiff and defendant in the action, but see annotation, 16 A. L. R. 427.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.