550 S.E.2d 584

Ray H. CHEWNING, Jr., Appellant,

v.

FORD MOTOR COMPANY, David J. Bickerstaff, and David J. Bickerstaff and Associates, Inc., Defendants,

Of whom Ford Motor Company is, Respondent.

No. 3351.

Court of Appeals of South Carolina.

Heard May 7, 2001.

Decided June 4, 2001.

Rehearing Denied Aug. 22, 2001.

30

A. Camden Lewis, Mark W. Hardee and Ariail E. King, all of Lewis, Babcock & Hawkins, of Columbia, for appellant.

Robert H. Brunson, Elizabeth Scott Moise and Susan M. Glenn, all of Nelson, Mullins, Riley & Scarborough, of Columbia; Paul F. Hultin and Edward C. Stewart, both of Wheeler, Trigg & Kennedy, of Denver, CO, for respondent.

HEARN, Chief Judge:

Ray H. Chewning, Jr. filed this action in equity for fraud and for fraud upon the court against Ford Motor Company (Ford), David Bickerstaff, and David Bickerstaff and Associates, Incorporated (collectively, Defendants), to set aside a judgment in an earlier products liability case. The circuit court granted Defendants' motion for judgment on the pleadings, concluding the complaint alleged intrinsic fraud which cannot serve as the basis for vacating a judgment after more than one year. As an additional sustaining ground, the court held Chewning failed to plead fraud with specificity as required by Rule 9(b), SCRCP. Chewning appeals. We reverse.

## FACTS/PROCEDURAL HISTORY

In April 1990, Chewning suffered injuries in a rollover crash of his Ford Bronco II. He filed a products liability claim against Ford and the car dealership that sold him the automobile. After a sixteen-day trial in 1993, a jury returned a verdict in favor of Ford. The trial court denied Chewning's motion for judgment notwithstanding the verdict or a new trial.

Within one year of the judgment, Chewning sought relief pursuant to Rule 60(b)(1) and (3), SCRCP, on the grounds of newly discovered evidence and fraud, alleging Bickerstaff, the former design engineer for Ford's Light Truck Engineering Department and one of Ford's witnesses, committed perjury during the trial. This motion was denied.

In 1998, Chewning brought this independent action, asserting several causes of action including fraud upon the court. The Defendants removed the case to the United States District Court for South Carolina. The district court dismissed

all of Chewning's claims except his action for fraud upon the court. *Chewning v. Ford Motor Co.*, 35 F.Supp.2d 487 (D.S.C. 1998). The district court remanded the fraud upon the court claim together with "such other related claims in equity, if any, as the state court may allow to be added by amendment." *Id.* at 492.

Chewning refiled his case in the circuit court asserting causes of action for fraud upon the court and an independent action in equity for fraud. In his amended complaint, Chewning alleged the judgment in the original products liability case should be vacated because:

(1) Defendants' and Ford's attorneys knowingly purchased and used the false testimony of BICKERSTAFF in favor of FORD during FORD'S defense of the BRONCO II CASES and concealed this from Plaintiffs and

(2) FORD fraudulently concealed, hid and misrepresented to the Plaintiffs and the Courts about the existence and location of documents ... that provide evidence that was favorable to Plaintiffs' cases and evidence that FORD knew, or should have known, would harm Plaintiffs' defense.

Among other allegations, Chewning contends Ford and its attorneys bought favorable and untruthful testimony from Bickerstaff. While at Ford, Bickerstaff criticized the Bronco II and recommended certain unimplemented corrective measures. Curiously, when litigation arose concerning the Bronco II, Bickerstaff, then a member of an engineering consulting firm, agreed to testify as a witness "in Ford's favor" in exchange for large sums of money. Chewning alleges this scheme persisted through multiple trials and depositions until a memo detailing Ford's and Chewning's arrangement was discovered.

The Defendants successfully filed a motion to dismiss under Rule 12(b)(6), SCRCP. This appeal follows.

## STANDARD OF REVIEW

 Generally, a ruling on a motion to dismiss under Rule 12(b)(6), SCRCP, must be based solely on the allegations contained in the complaint. *Baird v. Charleston County*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999). "Viewing the evidence in favor of the plaintiff, the motion must be granted if facts

alleged in the complaint and inferences reasonably deducible therefrom do not entitle the plaintiff to relief on any theory of the case." *Jarrell v. Petoseed Co.*, 331 S.C. 207, 209, 500 S.E.2d 793, 794 (Ct.App.1998).

## DISCUSSION [1]

■ Chewning argues the circuit court erred in dismissing his claim as untimely. We agree. Under Rule 60(b), SCRCP, a party may seek to set aside a final judgment for fraud upon the court. This right is independent of the Rule 60(b)(3) ground for relief for fraud, misrepresentation, or other misconduct by an adverse party. Relief for fraud upon the court is not subject to the one year limit placed on relief under Rule 60(b)(3). *See* H. Lightsey & J. Flanagan, *South Carolina Civil Procedure* 407 (2d ed.1985). Therefore, we find the circuit court erred in dismissing Chewning's claim as untimely under Rule 60(b)(3).

Chewning also argues the circuit court erred in its application of the law of extrinsic and intrinsic fraud. We agree because we find the facts asserted in the amended complaint constitute a valid claim for relief for fraud upon the court.

■ Fraud upon the court is "fraud which ... subvert[s] the integrity of the Court itself, *or is a fraud perpetrated by officers of the court* so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Evans v. Gunter*, 294 S.C. 525, 529, 366 S.E.2d 44, 46 (Ct.App.1988) (emphasis added) (quoting Lightsey & Flanagan, *supra*, at 408). It has also been defined as "fraud that does, or at least attempts to, defile the court itself...." 12 *Moore's Federal Practice* § 60.21[4][a] (3d. ed.2000). Historically, after the period to claim relief under Rule 60(b)(1) through (3), SCRCP, has expired, courts have required a showing of extrinsic fraud to vacate a judgment. *See Hagy v. Pruitt*, 339 S.C. 425, 430, 529 S.E.2d 714, 717 (2000); *Evans*, 294 S.C. at 529, 366 S.E.2d at 46.

---

1. On appeal, Chewning only argues the dismissal of his fraud upon the court action.

▇▇▇▇ South Carolina law maintains a distinction between intrinsic and extrinsic fraud. *Mr. G v. Mrs. G*, 320 S.C. 305, 307–08, 465 S.E.2d 101, 102–03 (Ct.App.1995) (Hearn, J. dissenting). "Intrinsic fraud refers to fraud presented and considered in the judgment assailed, including perjury and forged documents presented at trial." *Evans*, 294 S.C. at 529, 366 S.E.2d at 46. It is fraud which "goes to the merits of the prior proceeding which the moving party should have guarded against at the time." *City of San Francisco v. Cartagena*, 35 Cal.App.4th 1061, 41 Cal.Rptr.2d 797, 801 (1995), *quoted with approval in Mr. G*, 320 S.C. at 308, 465 S.E.2d at 103. By contrast, extrinsic fraud "refers to frauds collateral or external to the matter tried such as bribery or other misleading acts which prevent the movant from presenting all of his case or deprives one of the opportunity to be heard." Lightsey & Flanagan, *supra*, at 486; *see also Hilton Head Ctr., Inc. v. Pub. Serv. Comm'n*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987) ("Extrinsic fraud is fraud that induces a person not to present a case or deprives a person of the opportunity to be heard.").

▇▇▇▇ Here, Chewning alleges that Ford's attorneys collaborated in a deliberate scheme to purchase testimony in a series of cases involving Bronco II rollovers. Ordinarily, perjury is intrinsic, rather than extrinsic, fraud. *Hagy*, 339 S.C. at 432, 529 S.E.2d at 718 (2000); *Rycroft v. Tanguay*, 279 S.C. 76, 79, 302 S.E.2d 327, 329 (1983); *Corley v. Centennial Constr. Co.*, 247 S.C. 179, 189, 146 S.E.2d 609, 614 (1966). Chewning argues, however, that because he alleges Ford's attorneys suborned the perjured testimony, it is in fact extrinsic fraud and thus a basis to set aside the underlying verdict. We agree.

This court has previously refused to carve out an attorney fraud exception to the intrinsic/extrinsic fraud rule. *Bankers Trust Co. v. Braten*, 317 S.C. 547, 552, 455 S.E.2d 199, 202 (Ct.App.1995). However, Chewning's inability to present his full case at trial distinguishes this case from *Bankers Trust.* There, the alleged attorney fraud was discovered during the pendency of the original trial, and the falsity of the statement in question was argued at the summary judgment stage and on appeal. *Id.* We decline to apply the reasoning of *Bankers Trust* to this case because when the complaint is viewed in the light most favorable to Chewning, it does not appear he had

the opportunity to litigate the issue of attorney involvement in perjury at trial.

Chewning alleges a scheme of perjury and failure to produce documents perpetuated by attorneys. In *Davis v. Davis,* 236 S.C. 277, 113 S.E.2d 819 (1960), fraud on the court, specifically distinguished from fraud as now contemplated by Rule 60(b)(3), was found where an attorney in a divorce action did not file the opposing side's answer and then represented to the court that the opposing party was in default. Affirming the trial court's decision to vacate the default decree, the court found, "This reasonably may be held to have been extrinsic fraud upon her and upon the court." *Id.* at 281, 113 S.E.2d at 821. This holding is consistent with attorney disciplinary opinions finding attorney misrepresentations to be fraud upon the court. *See, e.g., In re Celsor,* 330 S.C. 497, 501, 499 S.E.2d 809, 811 (1998) (finding improper signature without valid power of attorney, notarization of that signature, and misrepresentation to court to be fraud upon the court); *In re Jennings,* 321 S.C. 440, 446, 468 S.E.2d 869, 873 (1996) (holding forgery of signature on court document is fraud upon the court). Therefore, we find Chewning has alleged sufficient facts to show extrinsic fraud upon the court.

Moreover, federal jurisprudence supports this holding. Because Rule 60(b), SCRCP was modeled after Rule 60(b), FRCP, we take instruction from federal cases discussing fraud upon the court. The seminal case on this topic is *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). In *Hazel–Atlas,* the Supreme Court set aside a judgment after more than one year because it found a party and its attorneys engaged in "a deliberately planned and carefully executed scheme to defraud" the patent office and the circuit court of appeals. *Id.* at 245, 64 S.Ct. 997. As a result, the Court held it would be manifestly unconscionable to allow the judgment to stand. *Id.*

█ Although perjury alone will not serve to vacate a judgment, it is considered fraud upon the court when it involves or is suborned by an attorney. *See generally Moore's Federal Practice, supra,* at § 60.21[4][b] & [c]. "Involvement of an attorney, as an officer of the court, in a scheme to suborn perjury would certainly be considered fraud on the

court." *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters,* 675 F.2d 1349, 1357 (4th Cir.1982); *see also Meindl v. Genesys Pac. Techs., Inc.,* 204 F.3d 124, 130 (4th Cir.) ("[F]raud upon the court includes fraud by bribing a judge, or tampering with a jury, or fraud by an officer of the court, including an attorney."); *Cleveland Demolition Co. v. Azcon Scrap Corp.,* 827 F.2d 984, 986 (4th Cir.1987) ("A verdict may be set aside for fraud on the court if an attorney and a witness have conspired to present perjured testimony."). In *Great Coastal,* the court did not find fraud upon the court because it determined the behavior complained of involved primarily the two parties and did not show either a plan to subvert the judicial process or a threat of public injury. Here, the complaint alleges an ongoing plot between Ford, Ford's attorneys, and a witness to hide the truth in a series of products liability cases. If proven, these facts would constitute a scheme resulting in harm to the public at large and would result in the type of fraud envisioned in *Hazel–Atlas* and *Great Coastal.*

 As an additional sustaining ground, the trial court found that Chewning's amended complaint did not satisfy Rule 9(b), SCRCP, because Chewning did not "identify any alleged perjured testimony by Bickerstaff in the underlying products liability trial, only subsequent testimony from cases after Chewning's." We disagree. After a careful analysis of the complaint, we find that Chewning did plead with specificity that Bickerstaff gave untruthful testimony at Chewning's trial that the Bronco II "was designed in a safe and reliable manner." Therefore, we find the trial judge erred in finding this as an additional sustaining ground.

 In considering relief from a final judgment, "the balance is drawn between finality of judgments, on the one hand, and preserving the court's fundamental purpose of providing a fair and just resolution of disputes, on the other." *Hagy,* 331 S.C. at 221, 500 S.E.2d at 172. Based on *Davis* and federal jurisprudence, we find Chewning's complaint states a claim for fraud upon the court. If Chewning's allegations are true, it would be manifestly unjust for the original judgment to stand. Accordingly, we reverse the circuit judge's dismissal

order and remand the fraud upon the court claim for proceedings consistent with this opinion.

**REVERSED & REMANDED.**

GOOLSBY and HUFF, JJ., concur.