THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Helen L. Fleshman, as Personal Representative of the Estate of James G. Fleshman, Appellant,
 
 
 

v.

 
 
 
 Trilogy and CarOrder.com, Respondents.
 
 
 

Appeal From Richland County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No.  2005-UP-354
Submitted April 1, 2005  Filed May 23, 2005

AFFIRMED

 
 
 
 W. Ralph Garris, of Columbia, for Appellant.
 Gregory Jacobs English, of Greenville, for Respondents.
 
 
 

PER CURIAM:  In this landlord/tenant action, Helen L. Fleshman, in her capacity as personal representative to the estate of her late husband, James G. Fleshman, appeals a circuit courts grant of summary judgment in favor of Trilogy and CarOrder.com (collectively Respondents).  We affirm.  
FACTS

James G. Fleshman owned commercial property in Richland County.  On August 15, 1999, he entered into a three-year lease with CarOrder.com, which was scheduled to end on August 14, 2002.  Respondent Trilogy guaranteed CarOrder.coms performance.  The lease provided a renewal option for three successive two-year periods.  The lease also provided that CarOrder.com could sublease the premises with Fleshmans written approval.  
With Fleshmans consent, CarOrder.com entered into a sublease with a company known as Bentleys for a term beginning on September 1, 2000 and ending on August 14, 2002.  Bentleys agreed to pay rent and to maintain the premises as required under the master lease between Fleshman and CarOrder.com.  Fleshman approved the agreement in writing by signing the sublease.  In May 2001, Dance America, LLC (Dance America) purchased Bentleys assets and was assigned the sublease.  
On June 6, 2002, CarOrder.com provided written notice to Fleshman that it would not exercise its option to renew the master lease and that both leases would terminate on August 14, 2002.  On August 8, 2002, Dance America wrote a letter to Fleshman, seeking to exercise the renewal option.  Fleshman then wrote a letter to Trilogy dated August 14, 2002, in which he expressed his lack of interest in extending the lease and requested that Trilogy remove Dance America from the premises.  Respondents replied on August 28, 2002, explaining that because they no longer had a legal interest in the property, they had no right or duty to remove Dance America from the premises.  
Ultimately, Fleshman successfully brought an ejectment proceeding against Dance America.  Fleshman also brought an action against Respondents, arguing they had an obligation to remove Dance America.[1]  Fleshman asserted he was entitled to collect, inter alia, costs for the ejectment action, compensation for loss of economic advantage, and attorneys fees.  
Respondents filed a motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6), SCRCP.  Fleshman amended the complaint twice, and the parties agreed the motion to dismiss would apply to both amended complaints.  The trial court granted the motion and denied Fleshmans subsequent motion to reconsider.  
STANDARD OF REVIEW

In deciding whether the trial court properly granted the motion to dismiss, this Court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief.  Flateau v. Harrelson, 355 S.C. 197, 202, 584 S.E.2d 413, 415 (Ct. App. 2003) (citing Gentry v. Yonce, 337 S.C. 1, 5, 522 S.E.2d 137, 139 (1999) and Cowart v. Poore, 337 S.C. 359, 523 S.E.2d 182 (Ct. App. 1999)).  
LAW/ANALYSIS 

I.  Motion to Dismiss
Fleshman argues the trial court erred in granting the motion to dismiss because Respondents assumed the role of landlord when they sublet the property.  We disagree.
When a defendant demonstrates that a plaintiff has failed to state facts sufficient to constitute a cause of action, the trial court may dismiss the claim.  The Hous. Auth. of City of Columbia v. Cornerstone Hous., LLC, 356 S.C. 328, 333-34, 588 S.E.2d 617, 620 (Ct. App. 2003) (citations omitted).  A dismissal pursuant to Rule 12(b)(6), SCRCP, is appropriate when the factual allegations in the complaint, even if assumed to be true, fail to state a cause of action.  Chewning v. Ford Motor Co., 346 S.C. 28, 32-33, 550 S.E.2d 584, 586 (Ct. App. 2001).  
Section 27-35-60 of the South Carolina Code (1991), defines the relationship and correspondent duties between a landlord, tenant, and sublessee as follows:

 A sublease by a tenant without written consent of the landlord is a nullity insofar as the rights of the landlord are concerned, except that rent collected by a tenant from a subtenant shall be deemed to be held in trust by the tenant for the benefit of the landlord until the payment of the landlords claim for rent. But when the premises have been sublet the sublessor, as between himself and the subtenant or sublessee, shall be deemed the landlord and the sublessee the tenant under him and the provisions of Chapters 33 through 37, § 27-39-10 and Article 3 of Chapter 39 of this Title, other than §§ 27-35-80, 27-35-170 and 27-35-180, 27-39-280 and 27-39-300 shall apply to sublessors and sublessees, as between themselves, as in other cases of landlord and tenant.

Significantly, statutes governing ejectment proceedings apply only when a landlord and tenant relationship actually exists.  See, e.g., Stewart-Jones Co. v. Shehan, 127 S.C. 451, 456, 121 S.E. 374, 376 (1924); see also S.C. Code Ann. § 27-37-20 (1991) (providing an ejectment action is instituted by a magistrate-issued rule upon application of the landlord).  The term landlord includes the owner or person in possession or entitled to possession of the real estate used or occupied by the tenant.  S.C. Code Ann. § 27-33-10(7) (1991).
When interpreting a contract that is clear and unambiguous, the court must construe its provisions according to the terms used by the parties, understood in their plain, ordinary, and popular sense.  Schulmeyer v. State Farm Fire & Cas. Co., 353 S.C. 491, 495, 579 S.E.2d 132, 134 (2003)  (citations omitted).  The Court cannot write a contract for the parties. When the parties have not, expressly or by implication, agreed upon essential terms of a contract, the Court cannot supply them.  Laseter v. Pet Dairy Prods. Co., 246 F.2d 747, 750 (4th Cir. 1957).
Section 27-35-60 provides for situations in which the sublease was obtained without the consent of the landlord.  In the instant case, Fleshman provided written consent by signing the sublease.  Thus, the statute did not create a duty by which Respondents became landlords and were under an obligation to eject Dance America from the premises.  In addition to not having a duty to eject, Respondents did not have a statutory right to do so because the applicable statute does not consider them landlords.  Fleshman was the landlord and, therefore, the only party with the right to eject Dance America.
Similarly, no contractual responsibility in this regard was created in the sublease.  Certainly, Fleshmans letter to Trilogy declining to exercise the renewal option did not create a duty to eject.  Even assuming for the sake of argument that a contractual responsibility was created in the lease or sublease, Fleshman did not raise this argument at trial, and he cannot raise this issue for the first time on appeal.  See, e.g., Brown v. Theos, 338 S.C. 305, 312-13, 526 S.E.2d 232, 237 (Ct. App. 1999).
Any duties Respondents owed to Fleshman ceased upon termination of the lease on August 14, 2002.  Thereafter, Dance America would have been either a tenant at will or a trespasser because it was not in possession pursuant to any contract with Respondents or Fleshman.  See, e.g., S.C. Code Ann. §§ 27-33-10(3) (1991) & 27-35-40 (1991) (defining and explaining tenancy at will when a person uses or occupies real estate without an agreement); see also Carson v. Living Word Outreach Ministries, Inc., 315 S.C. 64, 69, 431 S.E.2d 615, 617-18 (Ct. App. 1993) (describing the creation of a tenancy at will after lease termination).  Irrespective of Dance Americas status, Respondents were not in possession of the premises nor bound by any statutory or contractual relationship with Fleshman or Dance America.  Thus, the removal of Dance America was entirely up to Fleshman as owner of the property.  
Because Fleshman has not demonstrated that Respondents owed a duty to eject Dance America, he has failed to state a cause of action.  Therefore, the trial court did not err in granting Respondents motion to dismiss.
II.  Motion to Reconsider, Alter, or Amend the Judgment
Fleshman contends the trial court erred in denying his motion to reconsider because the trial court failed to make findings of fact and conclusions of law pursuant to Rules 41 and 52, SCRCP.  We disagree.
According to Rule 41(b), [i]f the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).  However, Rule 52(a) provides that findings of fact and conclusions of law are unnecessary when a court decides motions under Rule 12.
Rule 41, is not applicable to this case.  It applies in situations where the plaintiff has presented all of its evidence.  In this case, Respondents moved to dismiss pursuant to Rule 12(b)(6).  Because Rule 52, SCRCP does not require the trial court to make findings of fact or conclusions of law in Rule 12 rulings, the trial court did not err in issuing a form order.
AFFIRMED. [2]
HEARN, C.J., KITTREDGE, and WILLIAMS, JJ., concur.

[1] When James Fleshman died on September 3, 2003, Helen L. Fleshman, as the personal representative of the estate of James Fleshman, was substituted as the plaintiff in the action.  
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.